UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS SMITH, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>APPLE, INC.,<br><br>　　　　　Defendant. | Case No. 21-cv-09527-HSG<br><br>**ORDER DENYING MOTION TO STAY DISCOVERY**<br><br>Re: Dkt. No. 37 |

　　　　Pending before the Court is Defendant Apple, Inc.'s Motion to Stay Discovery, briefing for which is complete. *See* Dkt. Nos. 37, 40, 43.

　　　　District courts have "wide discretion" to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In evaluating the propriety of a request to stay discovery, the Court is mindful that the party seeking a discovery stay carries the "heavy burden" to make an adequate showing for why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). In moving to stay discovery, Defendant argues that its dismissal motion "will be potentially dispositive of the entire case or, at a minimum, of issues at which discovery is directed" and that a stay "would promote efficiency and avoid prejudice to Apple." Mot. at 9-10.

　　　　After carefully considering Defendant's arguments in support of a stay, the Court finds Defendant has not met its burden of showing why discovery should be stayed, and declines to enter the requested stay. As Plaintiffs point out, there is no provision in the Federal Rules of Civil Procedure that mandates (or even suggests) a stay of discovery in every case in which a defendant files a motion to dismiss. *See Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) ("Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect."). And to the extent

Defendant asks the Court to take a "preliminary peek" at the arguments in its dismissal motion in considering its stay request, the Court has done so, and finds that a stay is not warranted based on anything in that motion.

Accordingly, the Court **DENIES** the motion to stay discovery.

**IT IS SO ORDERED.**

Dated: 5/17/2022

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge

2