MICHAEL F. RAM (SBN 104805)
mram@forthepeople.com
MARIE A. APPEL (SBN 187483)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, California  94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6293

RA O. AMEN (*pro hac vice*)
Ramen@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
201 N. Franklin Street, 7th Floor
Tampa, Florida  33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402

STEVEN L. NICHOLAS (*pro hac vice*)
sln@cunninghambounds.com
LUCY E. TUFTS (*pro hac vice*)
let@cunninghambounds.com
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street
Mobile, Alabama  36604
Telephone: (251) 471-6191
Facsimile: (251) 479-1031

[Additional Counsel on Signature Page]

Attorneys for Plaintiffs and Putative Class

ERIN M. BOSMAN, CA SBN 204987
EBosman@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, California  92130-2040
Telephone: (858) 720-5100
Facsimile: (858) 720-5125

PENELOPE A. PREOVOLOS (CA SBN 87607)
PPreovolos@mofo.com
ALEXIS A. AMEZCUA (CA SBN 247507)
AAmezcua@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| CHRIS SMITH, CHERYL SMITH, KAREN SMITHSON, JASON ROUSH, COREY POMROY, FRANK ORTEGA, ALBERTO CORNEA, MICHELLE ROGERS, JOSHUA BAYS, DEBORAH CLASS and AMBER JONES, individually and on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 4:21-cv-09527 HSG<br><br>**AGREED PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS** |

1    Plaintiffs Chris Smith, Cheryl Smith, Karen Smithson, Jason Roush, Corey Pomroy, Frank
2    Ortega, Alberto Cornea, Michelle Rogers, Joshua Bays, Deborah Class, and Amber Jones
3    ("Plaintiffs") and Defendant Apple Inc. ("Defendant") anticipate that documents, testimony, or
4    information containing or reflecting confidential, proprietary, trade secret, and/or
5    commercially sensitive information are likely to be disclosed or produced during the course
6    of discovery, initial disclosures, and supplemental disclosures in this case and request that the
7    Court enter this Order setting forth the conditions for treating, obtaining, and using such
8    information.
9    Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good
10   cause for the following Agreed Protective Order Regarding the Disclosure and Use of
11   Discovery Materials ("Order" or "Protective Order").
12       1.    **PURPOSES AND LIMITATIONS**
13           (a)    Protected Material designated under the terms of this Protective Order shall
14   be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for
15   any other purpose whatsoever.
16           (b)    The Parties acknowledge that this Order does not confer blanket
17   protections on all disclosures during discovery, or in the course of making initial or supplemental
18   disclosures under Rule 26(a).  Designations under this Order shall be made with care and shall not
19   be made absent a good faith belief that the designated material satisfies the criteria set forth
20   below.  If it comes to a Producing Party's attention that designated material does not qualify for
21   protection at all, or does not qualify for the level of protection initially asserted, the Producing
22   Party must promptly notify all other Parties that it is withdrawing or changing the designation.
23       2.    **DEFINITIONS**
24           (a)    "Discovery Material" means all items or information, including from any
25   non-party, regardless of the medium or manner generated, stored, or maintained (including,
26   among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or
27   generated in connection with discovery or Rule 26(a) disclosures in this case.
28

1        (b)    "Expert" means a person with specialized knowledge or experience in a

2 matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an

3 expert witness or as a consultant in this action, (2) is not a past or current officer, director, or

4 employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated

5 to become an employee of a Party or of a Party's competitor.

6        (c)    "Outside Counsel" means (i) outside counsel who appear on the pleadings

7 as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is

8 reasonably necessary to disclose the information for this litigation.

9        (d)    "Party" means any party to this case, including all of its officers, directors,

10 employees, consultants, retained experts, and outside counsel and their support staffs.

11        (e)    "Producing Party" means any Party or non-party that discloses or produces

12 any Discovery Material in this case.

13        (f)    "Protected Material" means any Discovery Material that is designated as

14 "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" as provided for in

15 this Order.

16        (g)    "Receiving Party" means any Party who receives Discovery Material from

17 a Producing Party.

18     3.    **COMPUTATION OF TIME**

19     The computation of any period of time prescribed or allowed by this Order shall be

20 governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

21     4.    **SCOPE**

22        (a)    The protections conferred by this Order cover not only Discovery Material

23 governed by this Order as addressed herein, but also any information copied or extracted

24 therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony,

25 conversations, or presentations by Parties or their counsel in court or in other settings that might

26 reveal Protected Material.

27        (b)    Nothing in this Protective Order shall prevent or restrict a Producing

28 Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this

1    Order shall preclude any Producing Party from showing its Protected Material to an individual

2    who prepared the Protected Material.

3         (c)    Nothing in this Order shall be construed to prejudice any Party's right to

4    use any Protected Material in court or in any court filing with the consent of the Producing Party

5    or by order of the Court.

6         (d)    This Order is without prejudice to the right of any Party to seek further or

7    additional protection of any Discovery Material or to modify this Order in any way, including,

8    without limitation, an order that certain matter not be produced at all.

9         (e)    The Parties agree that this Order does not address the production of source

10   code of any type or kind.  The parties will separately negotiate and submit a protective order

11   governing the production of source code, if necessary.

12        5.    **<u>DURATION</u>**

13        Even after final disposition of this litigation, the confidentiality obligations imposed by

14   this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

15   order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all

16   claims and defenses in this action, with or without prejudice; and (2) final judgment herein after

17   the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

18   including the time limits for filing any motions or applications for extension of time pursuant to

19   applicable law.

20        6.    **<u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

21        (a)    <u>Basic Principles</u>.  All Protected Material shall be used solely for this case

22   or any related appellate proceeding, and not for any other purpose whatsoever, including without

23   limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue

24   proceedings, or any business or competitive purpose or function.  Protected Material shall not be

25   distributed, disclosed or made available to anyone except as expressly provided in this Order.

26        (b)    <u>Patent Prosecution Bar</u>.  Absent the written consent of the Producing Party,

27   any person on behalf of the Plaintiff who receives one or more items designated

28   "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by a Defendant shall not be involved,

directly or indirectly, in any of the following activities:  (i) advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in patents or patent applications relating to the subject matter of the documents reviewed by that person, before any foreign or domestic agency, including the United States Patent and Trademark Office; and (ii) the acquisition of patents (including patent applications), or the rights to any such patents or patent applications with the right to sublicense, relating to the subject matter of the documents reviewed by that person.  These prohibitions are not intended to and shall not preclude counsel from participating in proceedings on behalf of a Party challenging the validity of any patent, but are intended, inter alia, to preclude counsel from participating directly or indirectly in reexamination, inter partes review, covered business method review, or reissue proceedings on behalf of a patentee.  These prohibitions shall begin when access to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials are first received by the affected individual, and shall end two (2) years after the final resolution of this action, including all appeals.

(c)    <u>Secure Storage, No Export</u>.  Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.  To ensure compliance with applicable United States Export Administration Regulations, Protected Material may not be exported outside the United States or released to any foreign national (even if within the United States).

(d)    <u>Legal Advice Based on Protected Material</u>.  Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(e)    <u>Limitations</u>.  Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.  Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known

to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

7. **DESIGNATING PROTECTED MATERIAL**

(a) <u>Available Designations</u>. Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein:  "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

(b) <u>Written Discovery and Documents and Tangible Things</u>.  Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production.  For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.  In the event that original documents are produced for inspection, the original documents shall be presumed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate during the copying process.

(c) <u>Native Files</u>.  Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format.  When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to Paragraph 10, the party printing the electronic files or documents shall affix a legend to the

printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.

(d)     Depositions and Testimony.  Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony.  If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed.  Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential.  Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties." Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the parties (so long as the Protected Material is not designated as CONFIDENTIAL-ATTORNEYS' EYES ONLY), the parties' Counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.

1  Such right of exclusion shall be applicable only during periods of examination or testimony

2  regarding such Protected Material.

3      8.      **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

4          (a)      A Producing Party may designate Discovery Material as

5  "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially

6  sensitive information.

7          (b)      Unless otherwise ordered by the Court, Discovery Material designated as

8  "CONFIDENTIAL" may be disclosed only to the following:

9              (i)      The Receiving Party's Outside Counsel, such counsel's law

10  partners, immediate paralegals and staff, and any copying or clerical litigation support services

11  working at the direction of such counsel, paralegals, and staff, to whom disclosure is reasonably

12  necessary for this case, provided that each such person has agreed to be bound by the provisions

13  of the Protective Order by signing a copy of Exhibit A;

14              (ii)      Not more than three (3) representatives of the Receiving Party who

15  are officers or employees of the Receiving Party, who may be, but need not be, in-house counsel

16  for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is

17  reasonably necessary for this case, provided that each such person has agreed to be bound by the

18  provisions of the Protective Order by signing a copy of Exhibit A;

19              (iii)      Any outside expert or consultant retained by the Receiving Party to

20  assist in this action, provided that disclosure is only to the extent necessary to perform such

21  work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions

22  of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a

23  current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at

24  the time of retention to become an officer, director, or employee of a Party or of a competitor of a

25  Party; and (c) such expert or consultant accesses the materials in the United States only, and does

26  not transport them to or access them from any foreign jurisdiction.

27              (iv)      Court reporters, stenographers and videographers retained to record

28  testimony taken in this action;

1     (v)  The Court, jury, and court personnel;

2     (vi)  Graphics, translation, design, and/or trial consulting personnel,

3 having first agreed to be bound by the provisions of the Protective Order by signing a copy of

4 Exhibit A;

5     (vii)  Mock jurors who have signed an undertaking or agreement agreeing

6 not to publicly disclose Protected Material and to keep any information concerning Protected

7 Material confidential;

8     (viii)  Any mediator who is assigned to hear this matter, and his or her

9 staff, subject to their agreement to maintain confidentiality to the same degree as required by this

10 Protective Order; and

11     (ix)  Any other person with the prior written consent of the Producing

12 Party.

13  9.  **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL –**

14    **ATTORNEYS' EYES ONLY"**

15   (a)  A Producing Party may designate Discovery Material as

16 "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is

17 extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that

18 the disclosure of such Discovery Material is likely to cause economic harm or significant

19 competitive disadvantage to the Producing Party.

20   (b)  Unless otherwise ordered by the Court, Discovery Material designated as

21 "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

22     (i)  The Receiving Party's Outside Counsel, provided that such Outside

23 Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*,

24 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and

25 such Outside Counsel's law partners, immediate paralegals and staff, and any copying or clerical

26 litigation support services working at the direction of such counsel, paralegals, and staff, to whom

27 disclosure is reasonably necessary for this case, provided that each such person has agreed to be

28 bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(ii)      With respect to Discovery Material produced by the Plaintiff, not more than three (3) in-house counsel of the Receiving Party, as well as their immediate paralegals and staff to whom disclosure is reasonably necessary for this case, provided that each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(iii)     Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that:  (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; (d) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (e) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 10 below;

(iv)     Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)      The Court, jury, and court personnel;

(vi)     Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vii)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(viii)   Any other person with the prior written consent of the Producing Party.

(c)     In addition, a Party may disclose arguments and materials derived from Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential.  A Party may not disclose to mock jurors any original, as-produced materials or information (including, for example, documents, deposition testimony, or interrogatory responses) produced by another Party designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

10.   **NOTICE OF DISCLOSURE**

(a)     Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to Paragraph 9(b)(iii) first must make a written request to the Designating Party that (1) identifies the general categories of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years. [2]

(b)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.
[2] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

11.     **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a)     A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)     Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)     The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.  The Producing Party shall have the burden of justifying the disputed designation;

(ii)     Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.  The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)     Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

12.     **SUBPOENAS OR COURT ORDERS**

(a)     If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

13.     **FILING PROTECTED MATERIAL**

(a)     Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material.

(b)     Any Party is authorized under Civil L.R. 79-5 to file under seal with the Court any brief, document or materials that are designated as Protected Material under this Order.

14.  **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a)  The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b)  Pursuant to Federal Rule of Evidence 502(d) and (e), the production of a privileged or work product protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of a privileged or work product protected document in this case as part of a production is not itself a waiver. Nothing in this Order shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. The parties do not waive any objections as to the production, discoverability, admissibility, or confidentiality of documents and ESI. Moreover, nothing in this Order shall be interpreted to require disclosure of information subject to privacy protections as set forth in law or regulation, including information that may need to be produced from outside of the United States and/or may be subject to foreign laws.

(c)  When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

(d)  Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and subject metadata of the inadvertently produced Discovery Material as is reasonably necessary to identify the Discovery Material to the Court in any motion to compel production of the Discovery Material.

1      15.   **INADVERTENT FAILURE TO DESIGNATE PROPERLY**

2          (a)   The inadvertent failure by a Producing Party to designate Discovery

3   Material as Protected Material with one of the designations provided for under this Order shall

4   not waive any such designation provided that the Producing Party notifies all Receiving Parties

5   that such Discovery Material is protected under one of the categories of this Order within fourteen

6   (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing

7   Party shall reproduce the Protected Material with the correct confidentiality designation within

8   seven (7) days upon its notification to the Receiving Parties.  Upon receiving the Protected

9   Material with the correct confidentiality designation, the Receiving Parties shall return or securely

10  destroy all Discovery Material that was not designated properly.  Whether the Discovery Material

11  is returned or destroyed, within seven (7) days of receiving notice under this paragraph, the

12  Receiving Party must submit a written certification to the Producing Party (and, if not the same

13  person or entity, to the Designating Party) that (1) identifies (by category, where appropriate) all

14  the Discovery Material that was returned or destroyed and (2) affirms that the Receiving Party has

15  not retained any copies, abstracts, compilations, summaries or any other format reproducing or

16  capturing any of the Discovery Material.

17         (b)   A Receiving Party shall not be in breach of this Order for any use of such

18  Discovery Material before the Receiving Party receives such notice that such Discovery Material

19  is protected under one of the categories of this Order, unless an objectively reasonable person

20  would have realized that the Discovery Material should have been appropriately designated with a

21  confidentiality designation under this Order.  Once a Receiving Party has received notification of

22  the correct confidentiality designation for the Protected Material with the correct confidentiality

23  designation, the Receiving Party shall treat such Discovery Material (subject to the exception in

24  Paragraph 15(c) below) at the appropriately designated level pursuant to the terms of this Order.

25         (c)   Notwithstanding the above, a subsequent designation of

26  "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall apply on a

27  going forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL" or

28  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials while the materials were not

marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY" from engaging in the activities set forth in Paragraph 6(b).

16.    **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a)    In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b)    Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

17.    **FINAL DISPOSITION**

Within 60 days after the Final Disposition of this action, as defined in Paragraph 5, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to

this Protective Order as set forth in Paragraph 5 (DURATION).

18. **DISCOVERY FROM EXPERTS OR CONSULTANTS**

(a)     Absent good cause, drafts of reports of testifying experts, and reports and other written materials, including drafts, of consulting experts, shall not be discoverable.

(b)     Reports and materials exempt from discovery under the foregoing Paragraph shall be treated as attorney work product for the purposes of this case and Protective Order.

19. **MISCELLANEOUS**

(a)     <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)     <u>Termination of Matter and Retention of Jurisdiction</u>.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter.  The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

(c)     <u>Successors</u>.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)     <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

1         (e)    <u>Burdens of Proof</u>.  Notwithstanding anything to the contrary above,

2    nothing in this Protective Order shall be construed to change the burdens of proof or legal

3    standards applicable in disputes regarding whether particular Discovery Material is confidential,

4    which level of confidentiality is appropriate, whether disclosure should be restricted, and if so,

5    what restrictions should apply.

6         (f)    <u>Modification by Court</u>.  This Order is subject to further court order based

7    upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the

8    interests of justice. The United States District Court for the Northern District of California is

9    responsible for the interpretation and enforcement of this Order.  All disputes concerning

10   Protected Material, however designated, produced under the protection of this Order shall be

11   resolved by the United States District Court for the Northern District of California.

12        (g)    <u>Discovery Rules Remain Unchanged</u>.  Nothing herein shall alter or change

13   in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for

14   the United States District Court for the Northern District of California, or the Court's own orders.

15   Identification of any individual pursuant to this Protective Order does not make that individual

16   available for deposition or any other form of discovery outside of the restrictions and procedures

17   of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for

18   the Northern District of California, or the Court's own orders.

19

20

21

22

23

24

25

26

27

28

1  Dated:  September 29, 2022                    MORRISON & FOERSTER LLP

2

3                                                By:   /s/ Alexis A. Amezcua
                                                      Alexis A. Amezcua
4
                                                      Attorneys for Defendant
5                                                     APPLE INC.

6

7
   Dated:  September 29, 2022                    MORGAN & MORGAN
8                                                COMPLEX LITIGATION GROUP

9

10                                               By:    /s/ Michael F. Ram
                                                       Michael F. Ram
11
                                                      MICHAEL F. RAM (SBN 104805)
12                                                    mram@forthepeople.com
                                                      MARIE N. APPEL (SBN 187483)
13                                                    mappel@forthepeople.com
                                                      MORGAN & MORGAN
14                                                    COMPLEX LITIGATION GROUP
                                                      711 Van Ness Avenue, Suite 500
15                                                    San Francisco, California  94102
                                                      Telephone: (415) 358-6913
16                                                    Facsimile: (415) 358-6293

17                                                    RA O. AMEN (pro hac vice)
                                                      Ramen@forthepeople.com
18                                                    MORGAN & MORGAN
                                                      COMPLEX LITIGATION GROUP
19                                                    201 N. Franklin Street, 7th Floor
                                                      Tampa, Florida  33602
20                                                    Telephone: (813) 223-5505
                                                      Facsimile: (813) 223-5402
21
                                                      STEVEN L. NICHOLAS (pro hac vice)
22                                                    sln@cunninghambounds.com
                                                      LUCY E. TUFTS (pro hac vice)
23                                                    let@cunninghambounds.com
                                                      CUNNINGHAM BOUNDS, LLC
24                                                    1601 Dauphin Street
                                                      Mobile, Alabama  36604
25                                                    Telephone: (251) 471-6191
                                                      Facsimile: (251) 479-1031
26
                                                      BENJAMIN H. KILBORN, JR. (pro hac
27                                                    vice)
                                                      benk@kilbornlaw.com
28                                                    KILBORN LAW, LLC

P.O. Box 2164
Fairhope, Alabama  36533
Telephone: (251) 929-4623

Attorneys for Plaintiffs
Chris Smith, Cheryl Smith, Karen
Smithson, Jason Roush, Corey Pomroy,
Frank Ortega, Alberto Cornea, Michelle
Rogers, Joshua Bays, Deborah Class, and
Amber Jones

**SO ORDERED.**

Dated: _____10/21/2022_____

_____
Hon. Haywood S. Gilliam, Jr.
United States District Judge

1

## **EXHIBIT A**

2

3    I, _____, acknowledge and declare that I have received a

4    copy of the Protective Order ("Order") in *Smith et al. v. Apple Inc.*, United States District

5    Court for the Northern District of California, Civil Action No. 4:21-cv-09527-HSG.

6    Having read and understood the terms of the Order, I agree to comply with and be

7    bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose

8    of any proceeding to enforce the terms of the Order.  I understand and acknowledge that

9    failure to so comply could expose me to sanctions and punishment in the nature of contempt.

10   I solemnly promise that I will not disclose in any manner any information or item that is

11   subject to the Order to any person or entity except in strict compliance with the provisions of

12   the Order.

13   I will access and review Protected Material that may be provided to me solely for the

14   purpose of my role in assisting with prosecuting, defending, or attempting to settle this

15   litigation or to comply with judicial process or any applicable statute or regulation and for no

16   other purpose whatsoever.  I further agree not to disclose any Protected Material except as

17   allowed by the terms of the Order.  I will only make such copies of or notes concerning the

18   Protected Material as are necessary to assist with prosecuting, defending, or attempting to

19   settle this litigation or to comply with judicial process or any applicable statute or regulation

20   in connection with this action.  Upon final determination of this action, I shall promptly and

21   securely destroy or delete all Protected Material provided to me as well as any hard and

22   electronic copies, abstracts, derivations, compilations, summaries, and any other format

23   reproducing or capturing any of the Protected Material.  I understand that my obligations

24   pertaining to the Protected Material continue even after the conclusion of the action.

25   By signing below, I hereby confirm that: (1) I am not a current officer, director, or

26   employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to

27   become an officer, director, or employee of a Party or of a competitor of a Party; (2) I am not

28   involved in competitive decision-making; (3) I will access the materials in the United States

AGREED PROTECTIVE ORDER
CASE NO. 4:21-cv-09527 HSG                                                                    - 1 -

only, and will not transport them to or access them from any foreign jurisdiction; and (4) I shall not at any time, either during the pendency of these proceedings or after conclusion of these proceedings, use or divulge any of the CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY information made available to me pursuant to the Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of the Order, even if such enforcement proceedings occur after termination of this action.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address:_____

Dated: _____

_____
[Signature]