UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS SMITH, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>APPLE, INC.,<br><br>    Defendant. | Case No. 21-cv-09527-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 41 |

Before the Court is Defendant's motion to dismiss the First Amended Complaint. Dkt. No. 41. The Court finds this matter appropriate for disposition without oral argument and takes the motion under submission. *See* Civil L.R. 7-1(b). The Court **GRANTS IN PART** and **DENIES IN PART** the motion.

## I. BACKGROUND

This is a putative class action brought on behalf of purchasers of Apple Watches. *See* Dkt. No. 31 ("FAC") ¶ 1. Plaintiffs allege that First Generation, Series 1 through Series 6, and Series SE Apple Watches contain "an undisclosed and unreasonably dangerous safety hazard." *Id.* ¶ 2. More specifically, Plaintiffs allege that sudden swelling of the watch batteries can cause the screen to detach, shatter, or crack, "exposing its razor-sharp edges and leading to operational failure of the Watch and/or personal injuries . . . ." *Id.* Plaintiffs allege that Apple failed to allot sufficient space within the watch to prevent the screen issue, "[d]espite knowing that the battery inside the Watch can suddenly swell." *Id.* Plaintiffs further allege that the watches have injured Plaintiffs and putative class members, creating a "substantial and material risk of serious injury, including lacerations, cuts, abrasions, and other injuries." *Id.* ¶¶ 5–6.

Plaintiffs seek to represent a nationwide class, an internet subclass, and state-specific subclasses in Alabama, California, New York, Ohio, Michigan, and Texas. Plaintiffs assert the following causes of action against Defendant: (1) violations of the California Unlawful Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL"); (2) violations of the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* ("CLRA"); (3) fraud by omission under various state laws; (4) violations of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1791 *et seq.*; (5) breach of implied warranty; (6) violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*; and violations of consumer protection laws in New York, Michigan, and Texas. *See* FAC ¶¶ 241–362.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 9(b) imposes a heightened pleading standard where fraud is an essential element of a claim. See Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *see also Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). A plaintiff must identify "the who, what, when, where, and how" of the alleged conduct, so as to provide defendants with sufficient information to defend against the charge. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. Rule 9(b).

2

1  In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## III. DISCUSSION

Defendant moves to dismiss on several grounds, including that the non-California plaintiffs may not pursue claims under California law, that the claims for equitable relief fail because Plaintiffs have an adequate remedy at law, and that Plaintiffs have not adequately alleged pre-sale knowledge of the defect. *See generally* Mot.

### A. Non-California Plaintiffs

The Court finds that whether non-California plaintiffs may bring claims under California law is an issue better addressed at a later stage.

"State statutory remedies may be invoked by out-of-state parties when they are harmed by wrongful conduct occurring in California." *Norwest Mortg., Inc. v. Super. Ct.*, 72 Cal. App. 4th 214, 224–225 (1999); *see also In re iPhone 4S Consumer Litig.*, No. C 12-1127 CW, 2013 WL 3829653, at *7–9 (N.D. Cal. July 23, 2013). "However, a choice of law analysis might demonstrate that a different state law should apply to a non-resident's California claims." *In re Big Heart Pet Brands Litig.*, No. 18-CV-00861-JSW, 2019 WL 8266869, at *12 (N.D. Cal. Oct. 4, 2019). Plaintiffs allege that Defendant is a California company, where it makes all of its decisions about promotional materials, product design, and pre-release testing. FAC ¶¶ 36–37. Thus, "application of California law poses no constitutional concerns." *Forcellati v. Hyland's, Inc.*, 876 F. Supp. 2d 1155, 1160 (C.D. Cal. 2012); *see also Banh v. Am. Honda Motor Co., Inc.*, No. 2:19-CV-05984-RGK-AS, 2019 WL 8683361, at *3–4 (C.D. Cal. Dec. 17, 2019). Defendant does not argue that the non-California plaintiffs fail to meet the Article III standing requirements, nor does it offer any analysis of the differences between California law and other potential jurisdictions.

1    Thus, the Court declines to conduct a choice of law analysis at this stage and finds that

2    Defendant has "failed to meet its burden on this motion to show that the non-resident Plaintiffs

3    cannot pursue claims under California law."[1]  *See In re Big Heart Pet Brands Litig*, 2019 WL

4    8266869, at *12–13 (distinguishing cases where plaintiffs attempted to bring claims under state

5    laws where *no* named plaintiff resided and deferring choice of law analysis).[2]

### B.    Availability of an Adequate Remedy at Law

Defendant argues that Plaintiffs' claims must be dismissed to the extent they seek equitable remedies because Plaintiffs have an equitable remedy at law. *See* Mot. at 6. Under *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020), and *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308 (9th Cir. 2022), the Court agrees.

In allowing equitable claims to proceed, this Court has previously noted the odd procedural posture of *Sonner*. *See, e.g.*, *Brown v. Natures Path Foods, Inc.*, No. 21-CV-05132-HSG, 2022 WL 717816, at *6 n.5 (N.D. Cal. Mar. 10, 2022). But *Guzman* has recently clarified this issue. There, the Ninth Circuit affirmed a district court's dismissal of a UCL restitution claim, holding that "because [plaintiff] had an adequate remedy at law in his time-barred CLRA claim, the district court lacked equitable jurisdiction to hear [his] UCL claim." *Guzman*, 49 F.4th at 1313. In doing so, the court noted that "[n]othing in *Sonner*'s reasoning suggested that its holding was limited to

---

[1] Defendant cites to a footnote in *Sponchiado v. Apple Inc.*, No. 18-CV-07533-HSG, 2019 WL 6117482, at *7 n.5 (N.D. Cal. Nov. 18, 2019). But there, Plaintiff had offered "no reason" to defer the issue. Here, even Defendant appears to concede that choice of law arguments should be made after discovery. *See* Mot. at 5 n.7 ("Apple . . . reserves the right to raise choice of law arguments with respect to Plaintiffs Rogers, Class, and others when the facts regarding their purchases are clear."). Further, although the Court *may* address choice of law arguments at the motion to dismiss stage, it declines to do so here. *See In re Big Heart Pet Brands Litig.*, 2019 WL 8266869, at *12.

[2] Defendant also argues that Plaintiff Chris Smith cannot bring a CLRA claim because he received his watch as a gift from his mother. *See* Mot. at 5 n.8. Defendant is correct. *See Watkins v. MGA Ent., Inc.*, 550 F. Supp. 3d 815, 835 (N.D. Cal. 2021) ("California courts have held that only the individual who actually purchased the product may assert a claim under the CLRA based on the sale of that product."). Plaintiff Chris Smith's CLRA claim is **DISMISSED** without leave to amend, as the FAC alleges his mother purchased the watch, *see* FAC ¶ 24, and amendment would thus be futile. *See Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) ("[A] plaintiff may plead [him]self out of court" if he "plead[s] facts which establish that he cannot prevail on his . . . claim.").

1  cases in which a party had voluntarily dismissed a damages claim to avoid a jury trial." *Id.* at

2  1313.  The *Guzman* court explained that "[e]quitable jurisdiction is distinct from subject matter

3  jurisdiction" and "both are required for a federal court to hear the merits of an equitable claim."

4  *Id.* at 1314.

5        Applying *Sonner* and *Guzman*, the Court finds that Plaintiffs have not adequately alleged

6  that their remedies at law are inadequate.  The Court reads *Guzman*'s discussion of "equitable

7  jurisdiction" as precluding pleading equitable remedies in the alternative, as Plaintiffs do here.

8  *See* FAC, Prayer for Relief; Opp. at 4.  The FAC does not address why monetary damages would

9  be inadequate to make Plaintiffs whole.  The Court thus **DISMISSES** Plaintiffs' claims to the

10  extent they seek equitable relief, including Plaintiffs' UCL claim in its entirety, without prejudice

11  to pursuit in state court, as *Guzman* instructs.  *See* 49 F.4th at 1314–15.  The restitution claim is

12  dismissed without leave to amend.  The Court grants leave to amend as to other forms of equitable

13  relief, but Plaintiffs must address why their remedies at law are inadequate.  *See Price v. Wells*

14  *Fargo & Co.*, No. 22-cv-03128-JSC, 2022 WL 17821590, at *1–2 (N.D. Cal. Dec. 6, 2022)

15  (allowing UCL claim for injunctive relief to proceed but dismissing UCL restitution claim under

16  *Guzman*).

17      **C.**    **Fraud by Omission**

18          **i.**    **Pre-Sale Knowledge**

19       Defendant argues that Plaintiffs' omission claims fail because they have not adequately

20  pled pre-sale knowledge of the defect.  *See* Mot. at 7.  The parties do not dispute that the UCL,

21  CLRA, and fraud by omission claims require Plaintiffs to allege that Defendant had knowledge of

22  the alleged defect at the time of sale.  *See Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145–46

23  (9th Cir. 2012); *Deras v. Volkswagen Grp. of Am., Inc.*, No. 17-CV-05452-JST, 2018 WL

24  2267448, at *4 (N.D. Cal. May 17, 2018).

25        The Court finds that Plaintiffs have adequately alleged pre-sale knowledge of the defect.

26  *See* FAC ¶¶ 67–102.  Plaintiffs rely on "multiple specific sources of knowledge," including

27  consumer complaints on Apple-monitored forums, pre-sale testing, patent applications, and other

28  facts, including that Apple uses the same batteries across products and the batteries are well-

5

1    known to swell. *See In re MacBook Keyboard Litig.*, No. 5:18-CV-02813-EJD, 2019 WL
2    1765817, at *6 (N.D. Cal. Apr. 22, 2019) ("Given Apple's alleged product testing, patent
3    applications, and monitoring of the online forums where customers posted complaints, Plaintiffs
4    sufficiently plead that Apple had superior knowledge of the alleged defect.").

5       Although not every cited document is compelling, Plaintiffs' alleged sources are specific
6    enough to raise a plausible inference of pre-sale knowledge. For example, unlike cases finding
7    allegations of pre-sale testing insufficient, here Plaintiffs "describe the details of this pre-release
8    testing" and "explain how this testing would have alerted Apple to the defect in this case." *See*
9    FAC ¶¶ 69, 72–73; *Davidson v. Apple, Inc.*, No. 16-CV-4942-LHK, 2017 WL 3149305, at *15
10   (N.D. Cal. July 25, 2017); *Taleshpour v. Apple Inc.*, No. 5:20-CV-03122-EJD, 2021 WL 1197494,
11   at *11 (N.D. Cal. Mar. 30, 2021) (finding "pre-release testing in combination with the allegations
12   of substantial customer complaints" sufficient). Among other sources, Plaintiffs also allege
13   numerous consumer complaints on Apple-monitored forums describing the manifestation of the
14   defect—some of which posit that a swelling battery was the cause. *See* FAC ¶¶ 79–80, 84, 87–88,
15   91–101.

16      Assuming Plaintiffs' allegations are true and drawing all inferences in Plaintiffs' favor, the
17   Court finds that Plaintiffs have raised a plausible inference that Defendant had pre-sale knowledge
18   of the defect.

### ii. Unreasonable Safety Hazard

20      Defendant also argues that the omission claims of those who did not experience the defect
21   within the warranty period fail because Plaintiffs did not adequately plead an unreasonable safety
22   hazard. *See* Mot. at 14. Although the state of the law on when plaintiffs must allege a safety
23   hazard is "in some disarray," *see Taleshpour v. Apple Inc.*, 549 F. Supp. 3d 1033, 1042 (N.D. Cal.
24   2021), Plaintiffs here appear to concede that they must do so, *see* Opp. at 12.

25      The Court finds that Plaintiffs have adequately alleged a safety hazard giving rise to a duty
26   to disclose. Plaintiffs allege that the defective watches injured plaintiffs and class members,
27   "causing many purchasers to suffer lacerations, cuts, abrasions, and/or other injuries." FAC ¶ 10.
28   The complaint includes a graphic image of one of the alleged injuries, *id.* ¶ 6, and states that "a

1  detached screen on [Plaintiff's] Apple Watch severely sliced the underside of his forearm, cutting
2  a vein, and resulting in substantial personal injury," *id.* ¶ 139.  The FAC also includes several
3  consumer complaints of similar injuries arising from detached screens.  *See id.* ¶¶ 87, 88, 91.
4  Defendant's argument that there is an insufficient "causal connection" between the defect and the
5  safety hazard is unpersuasive.  *See* Mot. at 14–15.  Here, Plaintiffs allege that insufficient space in
6  the watch casing causes the screen to detach when the battery swells, exposing "razor-sharp
7  edges."  The causal connection between the defect and the risk of personal injury is obvious and
8  far from speculative given the allegations that plaintiffs and class members were actually injured.

### D.     Statute of Limitations

Defendant argues that the UCL, CLRA, and common law claims of Plaintiffs Rogers and Smithson are time-barred.  *See* Mot. at 16.  Plaintiffs respond that the delayed discovery rule, which tolls the statute of limitations, applies.  *See* Opp. at 13.

The Court finds that Plaintiffs Smithson and Rogers have not alleged facts sufficient to invoke the delayed discovery rule.  To invoke the rule, "[a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence."  *Nguyen v. Nissan N. Am., Inc.*, 487 F. Supp. 3d 845, 856 (N.D. Cal. 2020) (quoting *E-Fab, Inc. v. Accountants, Inc. Servs.*, 153 Cal. App. 4th 1308, 1319 (2007)).  Plaintiff Rogers appears to concede this point and requests leave to amend to explain the details of how she learned of the defect.  *See* Opp. at 13 n.6.  Plaintiff Smithson alleges only that she discovered the defect "after learning about this lawsuit in September 2021 shortly before it was filed."  *See* FAC ¶ 150.  This is too vague and does not address why she could not have made an earlier discovery by exercising reasonable diligence.

The Court **DISMISSES** Plaintiffs Smithson's[3] and Rogers's UCL, CLRA, and California common law claims as time-barred with leave to amend to add allegations sufficient to allow them to invoke the delayed discovery rule.

---

[3] The Court finds that Plaintiff Smithson has sufficiently alleged an injury-in-fact.  *See* Mot. at 16. The Ninth Circuit has "consistently recognized that a plaintiff can satisfy the injury-in-fact

United States District Court
Northern District of California

### E. Consumer Protection Statutes of Michigan, New York, and Texas

Defendant argues that Plaintiffs have not adequately pled claims under the consumer protection statutes of Michigan, New York, and Texas. *See* Mot. at 17–18. The Court disagrees.

To start, Defendant's arguments are largely based on lack of pre-sale knowledge. For the same reasons described above, Plaintiffs have adequately alleged pre-sale knowledge under the Michigan Consumer Protection Act ("MCPA"), New York General Business Law § 349, and the Texas Deceptive Trade Practices Consumer Protection Act ("DTPCPA") § 17.46(b)(24).[4]

For Michigan, Defendant also argues that Plaintiff Bays did not identify the specific materials he relied on in purchasing his watch. But this argument applies to affirmative misrepresentation claims, which Plaintiffs do not allege. For omission claims, "a consumer relies on a material omission under the MCPA where it is substantially likely that the consumer would not have made the choice in question had the commercial entity disclosed the omitted information." *In re ZF-TRW Airbag Control Units Prod. Liab. Litig.*, 601 F. Supp. 3d 625, 777 (C.D. Cal. 2022). The FAC sufficiently alleges that, had Defendant disclosed the alleged defect to Plaintiffs at the time of sale, they would not have purchased their watches. *See id.* at 778.

Plaintiffs Cornea and White's claims under New York law survive for the same reason—Defendant's arguments that Plaintiffs must point to specific representations on which they relied are more properly applied to affirmative misrepresentation claims not alleged here. *See Chiarelli v. Nissan N. Am., Inc.*, No. 14–CV–4327 NGG VVP, 2015 WL 5686507, at *11 (E.D.N.Y. Sept. 25, 2015) (finding plaintiffs "adequately alleged an omissions-based theory" where they alleged

---

requirement by showing that she paid more for a product than she otherwise would have due to a defendant's false representations about the product," including fraud by omission. *See McGee v. S-L Snacks Nat'l*, 982 F.3d 700, 706–07 (9th Cir. 2020). Although some courts have required more specific allegations where the risks and defects were entirely "speculative" because the defect had not manifested, that is not the case here. *See Sharma v. Volkswagen AG*, 524 F. Supp. 3d 891, 902–03 (N.D. Cal. 2021); *In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Pracs., & Prod. Liab. Litig.*, 295 F. Supp. 3d 927, 948–49 (N.D. Cal. 2018) ("Allegations of overpayment based on a defendant's failure to disclose a product's limitations are clearly sufficient to satisfy Article III's injury-in-fact requirement.").

[4] Plaintiffs concede that the claims under the DTPCPA § 17.46(b)(5) and (b)(7) relate to affirmative representations and may be dismissed. Opp. at 16. The Court thus **DISMISSES** those claims without leave to amend.

8

1    Nissan failed to disclose information about a latent defect); *see also Catalano v. BMW of N. Am.*,

2    LLC, 167 F. Supp. 3d 540, 562 (S.D.N.Y. 2016) (rejecting argument that complaint did not

3    identify "specific" misleading statements where plaintiff "primarily relie[d] on an omission-based

4    theory of deception").

5          Last, Defendant argues that Plaintiff Jones did not sufficiently allege that Defendant had

6    the "intent to induce" Plaintiff into a transaction with its omissions. Mot. at 19. "To be actionable

7    under the [DTPCPA], a failure to disclose material information necessarily requires that the

8    defendant have known the information and have failed to bring it to the plaintiff's attention." *See*

9    *Mize v. BMW of N. Am., LLC*, No. 2:19-CV-007-Z-BR, 2020 WL 1526909, at *8 (N.D. Tex. Mar.

10   31, 2020) (quotations omitted). Here, Plaintiffs adequately allege that Defendant knew of the

11   defect and failed to disclose it before sale, and that Plaintiffs would not have purchased their

12   watches had they known. *See id.* at *8–9.

13       **F.   Implied Warranty of Merchantability**

14         Defendant argues that its Limited Warranty effectively disclaims implied warranties. *See*

15   Mot. at 21; Dkt. No. 41-1 ("Amezcua Decl."), Exs. A–E.[5] The Court agrees. Under California

16   law, "[a] company may disclaim the implied warranty of merchantability so long as the disclaimer

17   'mention[s] merchantability' and is 'conspicuous.'" *Minkler v. Apple*, Inc., 65 F. Supp. 3d 810,

18   819 (N.D. Cal. 2014) (quoting Cal. Com. Code § 2316(2)). Like several other courts, this Court

19   finds that Defendant's Limited Warranty is valid because it mentions merchantability and is

20   sufficiently conspicuous. *See, e.g.*, *Ocampo v. Apple Inc.*, No. 5:20-CV-05857-EJD, 2022 WL

21   767614, at *5 (N.D. Cal. Mar. 14, 2022). Because Defendant's Limited Warranty effectively

---

[5] Defendant seeks judicial notice of the applicable warranties and patent applications. *See* Dkt. No. 42. Plaintiffs do not oppose the request or question the authenticity of the documents. The Court **GRANTS** the request under the doctrine of incorporation by reference. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (explaining that under the incorporation by reference doctrine, a court may consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading"). The doctrine extends to situations in which a "claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Id.*

1  disclaimed the implied warranty of merchantability as a matter of law, the Court **DISMISSES**

2  Plaintiffs' breach of implied warranty claim without leave to amend.[6]

### G. Song-Beverly Consumer Warranty Act

Defendant argues that the Song-Beverly Act claim fails because (1) Plaintiffs have not alleged the defect was substantially certain to manifest and (2) the claims of all Plaintiffs except Ortega are time-barred by the four-year statute of limitations. *See* Mot. at 23–24.

As an initial matter, Plaintiffs' Song-Beverly Act claim is not barred by the one-year warranty limit imposed by the Act. Plaintiffs allege a *latent* defect that existed at the time of sale and thus were not required to discover and report the defect within one year. *See Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1222 (9th Cir. 2015) (citing *Mexia v. Rinker Boat Co.*, 174 Cal. App. 4th 1297, 1310 (2009)). The warranty of merchantability under the Act is breached "by the existence of the unseen defect, not by its subsequent discovery." *Mexia*, 174 Cal. App. 4th at 1305. And here, Plaintiffs do not need to allege that the defect is "substantially certain" to manifest because they allege that the defect *did* manifest. *Sloan v. Gen. Motors LLC*, No. 16-CV-07244-EMC, 2020 WL 1955643, at *29 (N.D. Cal. Apr. 23, 2020) (finding "no need to show that the defect was 'substantially certain' to occur" where "it *did* occur"); *Victorino v. FCA US LLC*, 326 F.R.D. 282, 291 (S.D. Cal. 2018) (proof of "an inherent defect which is substantially certain to result in malfunction" is only required "[i]f there is no current malfunction").

However, as pled, the Song-Beverly Act claims of all Plaintiffs except Ortega are time-barred under the Act's four-year statute of limitations, which began to run at the time of sale. *See MacDonald v. Ford Motor Co.*, 37 F. Supp. 3d 1087, 1100–02 (N.D. Cal. 2014). Plaintiffs argue that the doctrine of fraudulent concealment should toll the statute of limitations. *See* Opp. at 19. As Plaintiffs acknowledge, the doctrine of fraudulent concealment requires pleading with particularity (1) the substantive elements of the fraud, and (2) an excuse for late discovery of the

---

[6] Plaintiffs do not respond to Defendant's argument that the Limited Warranty is clear and conspicuous, nor do they assert that the laws of any relevant states prohibit a disclaimer of the implied warranty of merchantability. *See, e.g.*, *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 981, 983 (S.D. Cal. 2014) (noting that Michigan, Texas, and New York law permit the waiver of implied warranties). The breach of implied warranty claim is dismissed as to all plaintiffs.

10

facts. *Yetter v. Ford Motor Co.*, 428 F. Supp. 3d 210, 223 (N.D. Cal. 2019). The second element requires the plaintiff to allege "(1) when the fraud was discovered; (2) the circumstances under which it was discovered; and (3) that the plaintiff was not at fault for failing to discover it or had no actual or presumptive knowledge of facts sufficient to put him on inquiry." *In re Ford Tailgate Litig.*, No. 11-CV-2953-RS, 2014 WL 1007066, at *8 (N.D. Cal. Mar. 12, 2014). As this Court has noted, this generally requires allegations of "active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time." *Felix v. Anderson*, No. 14-CV-03809-HSG, 2016 WL 3540980, *4 (N.D. Cal. June 29, 2016). The FAC is devoid of such allegations, and is light on allegations regarding discovery.

Thus, the Court **DISMISSES** the Song-Beverly Act claims of all plaintiffs, except Ortega, as time-barred. The Court grants leave to amend to adequately allege facts showing why their claims are timely.[7]

### H. Magnuson-Moss Warranty Act

The Magnuson–Moss Warranty Act "provides a [federal] cause of action for express and implied warranty claims under state law." *Floyd v. Am. Honda Motor Co.*, 966 F.3d 1027, 1032 (9th Cir. 2020). Where a case is brought as a class action, there must be at least one hundred named plaintiffs for a district court to exercise jurisdiction over an MMWA claim. *Id.* In *Floyd*, the Ninth Circuit held that the Class Action Fairness Act, which grants district courts original jurisdiction over certain class actions, "may not be used to evade or override the MMWA's specific numerosity requirement." *Id.* at 1035. Plaintiffs' cited cases pre-date *Floyd*, and the reasoning of *Floyd* applies with the same force to Plaintiffs' argument that other statutes provide a jurisdictional basis for an MMWA claim regardless of the numerosity requirement.

The FAC names only twelve plaintiffs. The Court thus finds that it does not have jurisdiction over Plaintiffs' MMWA claim and **DISMISSES** it with leave to amend. If Plaintiffs cannot, consistent with counsel's Rule 11 obligations, plead enough named plaintiffs to meet the MMWA's numerosity requirement for a class action, they may not renew this putative class claim.

---

[7] Plaintiffs concede that Rogers's Song-Beverly Act claim may be dismissed. *See* Opp. at 18 n.10.

11

## IV. CONCLUSION

The Court **GRANTS** in part and **DENIES** in part Defendant's motion to dismiss the first amended complaint. Dkt. No. 41. Any amended complaint must be filed within 28 days of the date of this order. The Court further **SETS** a telephonic case management conference on April 4, 2023, at 2:00 p.m. All counsel shall use the following dial-in information to access the call:

Dial-In: 888-808-6929;

Passcode: 6064255

For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where at all possible, parties shall use landlines. The Court **DIRECTS** the parties to meet and confer and submit a joint case management statement by March 28, 2023. The parties should be prepared to discuss how to move this case forward efficiently.

**IT IS SO ORDERED.**

Dated: 2/17/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge