UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS SMITH, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>APPLE, INC.,<br><br>    Defendant. | Case No. 21-cv-09527-HSG<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT AND TO MODIFY THE CASE MANAGEMENT SCHEDULE**<br><br>Re: Dkt. No. 116 |

Before the Court is Plaintiffs' motion for leave to amend their complaint and to modify the case management schedule. Dkt. No. 116. For the following reasons, the Court **GRANTS** the motion.

I. **BACKGROUND**

This is a putative class action brought on behalf of purchasers of Apple Watches. *See* Dkt. No. 84, Second Amended Complaint ("SAC") ¶ 1. Plaintiffs allege that First Generation, Series 1 through Series 6, and Series SE Apple Watches contain "an undisclosed and unreasonably dangerous safety hazard." *Id.* ¶ 2. More specifically, Plaintiffs allege that sudden swelling of the watch batteries can cause the screen to detach, shatter, or crack, "exposing its razor-sharp edges and leading to operational failure of the Watch and/or personal injuries . . . ." *Id.* Plaintiffs allege that Apple failed to allot sufficient space within the watch to prevent the screen issue, "[d]espite knowing that the battery inside the Watch can suddenly swell." *Id.* Plaintiffs further allege that the watches have injured Plaintiffs and putative class members, creating a "substantial and material risk of serious injury, including lacerations, cuts, abrasions, and other injuries." *Id.* ¶ 10.

Plaintiffs seek to represent a nationwide class, an internet subclass, and state-specific subclasses in Alabama, California, New York, Ohio, Texas, and Florida. *Id.* ¶ 322. Plaintiffs

assert the following causes of action against Defendant: (1) violations of the California Unlawful Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL"); (2) violations of the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* ("CLRA"); (3) fraud by omission under various state laws; (4) violations of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1791 *et seq.*; and (5) violations of consumer protection laws in New York, Texas and Florida. *See* SAC ¶¶ 33–434.

## II.   LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a case management schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The party seeking to amend a pleading after the deadline set by the pretrial scheduling order expires "must satisfy the 'good cause' standard of [Rule] 16(b)(4) . . . rather than the liberal standard of [Rule] 15(a)." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (brackets in original), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015). As the Ninth Circuit has explained:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. . . . Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citation and quotation marks omitted). If "good cause" for amendment is found under Rule 16(b), the Court may then consider whether leave to amend should be granted pursuant to Rule 15(a). *Thomas v. San Francisco Travel Ass'n*, Case No. 14-cv-03043-YGR, 2016 WL 861239, at *2 (N.D. Cal. March 7, 2016). Because Rule 16(b)'s 'good cause' inquiry essentially incorporates the first three factors of the Rule 15 analysis, "if a court finds that good cause exists, it should then deny a motion for leave to amend only if such amendment would be futile." *Heath v. Google Inc.*, No. 15-cv-01824-BLF, 2016 WL 4070135, at *2 (N.D. Cal. July 29, 2016).

2

### III. DISCUSSION

#### A. Motion for Leave to File Third Amended Complaint

Plaintiffs seek leave to file a third amended complaint "not to add or change any legal claims or parties – but [] to conform their definition of the Defect (and Apple's knowledge thereof) to the evidence Apple has produced and the recent inspections of the named Plaintiffs' Watches that have taken place." Dkt. No. 116 at 1. Because the deadline to amend pleadings set in the Court's scheduling order has passed, Plaintiffs must meet the "good cause" standard of Federal Rule of Civil Procedure 16(b)(4). Plaintiffs have done so here and thus the Court **GRANTS** their motion for leave to file the proposed third amended complaint.

##### i. Good Cause/Diligence

Plaintiffs contend that they have met the good cause standard because they did not fully learn of the facts supporting their updated battery defect theory until after the deadline to amend pleadings. Plaintiffs also contend that the parties' agreed-upon neutral expert was not able to complete the comprehensive disassembly and testing of the watches until August 11, 2023.

Plaintiffs have met their burden of showing good cause and diligence. First, as the Court pointed out at the October 5, 2023 hearing, the deadline for amending pleadings was clearly unreasonably early in hindsight, and the Court had to choose a date more or less arbitrarily because the parties failed to propose one in their stipulated schedule. *Compare* Dkt. No. 53 (stipulation) *with* Dkt. No. 55 (scheduling order). Plaintiffs point out, and Defendant does not dispute, that among other things Defendant produced over a million pages of documents after April 3, 2023, many months after the September 9, 2022 amendment deadline set in the scheduling order. Dkt. No. 116 at 3.

Relatedly, the record reflects that Plaintiffs could not reasonably have obtained the information needed to understand the specific details of how battery swelling and other conditions might together or separately contribute to causing the alleged defect until after exchanging discovery and conducting the agreed-upon neutral expert testing. It is undisputed that the joint inspection of the batteries did not begin until the end of June and concluded in the middle of August. On August 21, 2023, Plaintiffs promptly sought leave to amend. Despite Defendant's

3

insistence that Plaintiffs were on notice of the aspects of the expanded definition of the alleged defect a year before the joint inspection, the record reflects that Plaintiffs reasonably assessed a very large (and ongoing) volume of discovery, and sought leave based on their review of that discovery and the results of the expert testing. The Court also agrees that Plaintiffs are not adding any new defendants or products, and are simply conforming their factual allegations regarding the Defect (and Apple's knowledge of it) to the evidence Apple has produced and the recent inspections. Plaintiffs have established diligence and good cause to amend their Complaint.[1] Accordingly, the Court grants Plaintiffs' motion for leave to amend.[2]

### B. Motion to Modify Case Management Schedule

Plaintiffs move to modify the case management schedule. *See* Dkt. No. 116 at. 14-15. Defendant requests that the Court deny Plaintiffs' motion to amend in its entirety, but does not specifically set out its position on Plaintiffs' proposed extensions to the case schedule. Given that the Court has now granted Plaintiff's motion for leave to amend the Complaint, the case schedule clearly will need to be modified. However, since it is unclear whether Defendant agrees to Plaintiffs' proposed amended schedule, the Court **DIRECTS** the parties to meet and confer and file a joint stipulation and proposed amended scheduling order through class certification within one week of this order. The proposal should reflect Plaintiffs' counsel's commitment at the

---

[1] Defendant argues that it will be prejudiced if leave to amend is granted, because doing so "would require the litigation to start over," Dkt. No. 123 at 11. The Court disagrees for several reasons. First, Plaintiffs confirmed at the hearing that they will not serve any further written discovery, and will only seek any outstanding responses to already-served discovery. October 5, 2023, Hr'g Tr. at 26 ¶¶11-16. Second, Plaintiffs have also committed to filing their motion for class certification by January, assuming they receive timely production of the outstanding materials. October 5, 2023, Hr'g Tr. at 10, 20, 23 . Finally, that Defendant may decide to pursue further pleadings challenges, or will have to participate in some additional discovery, is not prejudicial under the circumstances: it is the natural consequence of participating for several years in a complex and hotly-contested litigation like this case. And Defendant would face these same burdens if, for example, Plaintiffs simply filed a new case adding the revised allegations.

[2] Defendant argues that even if Plaintiffs satisfy the good cause requirement of Rule 16, they cannot meet the requirements of Rule 15, particularly because amendment would be futile. Defendant argues that Plaintiffs' equitable relief claims fail under *Sonner* and are time barred. Opposition to a motion for leave to amend is not, however, the appropriate procedural mechanism to raise a Rule 12(b)(6) argument that should be made in a motion to dismiss. *See Trujillo v. Tony Avis Hay Serv.*, 2:21-cv-01446-MCE-KJN, 2023 WL 297853, at *4 (E.D. Cal. August 3, 2023) (ruling that challenges to the merits of Plaintiff's claims are arguments "appropriate for a motion to dismiss").

4

hearing to file the class certification motion by January 2024. If the parties cannot agree on a schedule, they must submit separate proposed schedules, without argument, and the Court will impose a schedule.

## IV.   CONCLUSION

The Court **GRANTS** Plaintiffs' motion for leave to file a third amended complaint. Plaintiffs shall file their third amended complaint by the close of business, November 1, 2023. Because the Court has granted leave to file the third amended complaint, Defendant's motion to dismiss the second amended complaint is **TERMINATED AS MOOT**. *See* Dkt. No. 100.

**IT IS SO ORDERED.**

Dated:  10/30/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge