CUNNINGHAM BOUNDS, LLC
Steven L. Nicholas (*admitted pro hac vice*)
sln@cunninghambounds.com
Lucy E. Tufts (*admitted pro hac vice*)
let@cunninghambounds.com
1601 Dauphin Street
Mobile, AL 36604
Telephone: (251) 471-6191

KILBORN LAW, LLC
Benjamin H. Kilborn, Jr. (*admitted phv*)
benk@kilbornlaw.com
P.O. Box 2164
Fairhope, AL 36533
Telephone: (251) 929-4620

MORGAN & MORGAN
COMPLEX LITIGATION GROUP
Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913

*Attorneys for Plaintiffs and the Putative Class*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHRIS SMITH, CHERYL SMITH, KAREN SMITHSON, ALBERTO CORNEA, MICHELLE ROGERS, DEBORAH CLASS, AMBER JONES, ALEXIS KEISER, LOORN SAELEE, THOMAS PEAR, and TANNAISHA SMALLWOOD, individually and on behalf of all other similarly situated individuals,
                                    Plaintiffs,
v.

APPLE INC.,
                                    Defendant.

No. 4:21-cv-09527-HSG

Plaintiffs' Motion for Preliminary Approval of Class Action Settlement

CLASS ACTION

Dept.: Courtroom 2
Judge: Hon. Haywood S. Gilliam, Jr.

Date: October 3, 2024
Time: 2:00 p.m.

Third Amended Complaint Filed:
October 31, 2023

1

## **TABLE OF CONTENTS**

2 TABLE OF AUTHORITIES ..................................................................................... iv

3 MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

4 I.    INTRODUCTION ......................................................................................... 1

5 II.   FACTUAL AND PROCEDURAL BACKGROUND ................................... 2

6       A.  Plaintiffs' Allegations and Early Case Activities ................................. 2

7       B.  Motions to Dismiss ............................................................................... 3

8       C.  Discovery .............................................................................................. 3

9       D.  Settlement Negotiations ........................................................................ 4

10 III.  THE PROPOSED SETTLEMENT ............................................................... 4

11      A.   The Proposed Settlement Class ........................................................... 4

12      B.  Settlement Relief .................................................................................. 5

13      C.  Notice to the Class ................................................................................ 5

14      D.  Opt-Out and Objection Procedures ...................................................... 6

15      E.  Notice and Administrative Costs .......................................................... 7

16      F.  Attorneys' Fees, Costs, and Service Awards........................................ 7

17      G.  Release .................................................................................................. 8

18 IV.   ARGUMENT ................................................................................................ 8

19      A.  The Court Should Certify the Settlement Class .................................... 8

20          1.  The Settlement Class Meets the Requirements of Rule 23(a) ...... 8

21              i.    The Settlement Class Members Are Too Numerous To Be Joined .. 8

22              ii.   There Are Common Questions of Law and Fact ............................. 8

23              iii.  Plaintiffs' Claims Are Typical of the Class ..................................... 9

24              iv.   Plaintiffs and Class Counsel Will Fairly and Adequately Protect the

25                    Interests of the Class ..................................................................... 10

26          2.  The Settlement Class Meets the Requirements of Rule 23(b)(3)............... 10

27

i.     Common Issues of Law and Fact Predominate for Settlement Purposes .................................................................... 11

ii.    A Class Action Is a Superior Means of Resolving This Controversy ............................................................................ 12

B.  The Settlement Merits Preliminary Approval ....................................... 12

1.  Adequacy of Relief: Costs, Risks, and Delay ............................. 14

2.  Adequacy of Relief:  Proposed Method of Distributing Relief ................. 14

3.  Adequacy of Relief:  Attorneys' Fees......................................... 15

C.  Rule 23(e)(3) Agreements and Equality of Treatment ......................... 15

D.  The District's Procedural Guidance ...................................................... 16

1.  Sub-Factors 1(a) & 1(c): Classes and Claims Alleged v. Settled .............. 16

2.  Sub-Factor 1(e): Anticipated Recovery v. Settlement Amount ................. 17

3.  Sub-Factor 1(g): Expected Claims Rates .................................... 17

4.  Factor 2: Administrator Selection ............................................. 18

5.  Factors 3-5: Notice Program, Opt-Outs, and Objections ........................ 19

6.  Factors 6-10: Attorneys' Fees, Costs, and Expenses; Service Awards; Cy Pres; Timeline; and CAFA........................................................... 20

7.  Factor 11: Comparable Settlements .......................................... 21

E.  The Court Should Order Dissemination of Class Notice as Proposed ................. 22

1.  The Notice Program Provides the Best Method of Notice Practicable ..... 22

2.  The Proposed Notices Adequately Inform Settlement Class Members .... 23

3.  Notice of the Settlement Will Be Provided to Appropriate Officials........ 23

F.  Proposed Schedule for Final Approval................................................... 23

V.      CONCLUSION ................................................................................................ 24

# TABLE OF AUTHORITIES

**Cases**

*Allagas v. BP Solar Int'l*, No. 3:14-cv-00560-SI (EDL), 2016 WL 9114163, at *3-4 (N.D. Cal. Dec. 22, 2016) ........................................................................................................ 11

*Altamirano v. Shaw Indus., Inc.*, No. 13-CV-00939-HSG, 2015 WL 4512372, at *8 (N.D. Cal. July 24, 2015) ..................................................................................................... 15

*Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997) ..................................................... 8, 12

*Comcast Corp. v. Behrend*, 569 U.S. 27, 133 S.Ct. 1426, 185 L.Ed.2d 515 (2013) ................ 9

*Fitzhenry-Russell v. Keurig Dr. Pepper, Inc.*, No. 5:17-cv-00564 (N.D. Cal. 2019) ............. 21

*Free Range Content, Inc. v. Google, LLC*, 2019 WL 1299504, at *2-3 (N.D. Cal. 2019) ..... 21

*G.F. v. Contra Costa Cty.*, No. 13-CV-03667-MEJ, 2015 WL 4606078, at *14 (N.D. Cal. July 30, 2015) ....................................................................................................... 15

*Gold v. Lumber Liquidators, Inc.*, 323 F.R.D. 280, 287-88, 290 (N.D. Cal. 2017) ............... 11

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019, 1022-23 (9th Cir. 1998) .................... 8, 10,12

*In re Apple Device Performance Litigation*, 5:18-md-02827-EJD (Doc. 608) ....................... 20

*In re Chrysler-Dodge-Jeep EcoDiesel Mktg., Sales Practices, & Prods. Liab. Litig.*, 2019 WL 536661, at *5 (N.D. Cal. Feb. 11, 2019) ............................................................ 9

*In re Intuitive Surgical Sec. Litig.*, No. 5:13-cv-01920-EJD, 2016 WL 7425926, at *7 (N.D. Cal. Dec. 22, 2016) ....................................................................................... 10

*In re: Macbook Keyboard Litigation*, 5:18-cv-02813-EJD (Doc. 410-1, Section 8.6) .......... 20

*In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 946-48 (9th Cir. 2015) ............ 16, 23

*In re Sony PS3 Litig.*, No. 10-CV-01911-YGR, 2017 WL 5598726, at *16 (N.D. Cal. Nov. 21, 2017) ......................................................................................................... 22

*In re: Sony VAIO Computer Notebook Trackpad Litigation*, No. 3:09-cv-02109 (S.D. Cal. Aug. 7, 2017) ......................................................................................................... 21

*In Re: MagSafe Apple Power Adapter Litig.*, No. 5:09-CV-01911-EJD, 2015 WL 428105, at *2 (N.D. Cal. May 29, 2012) ...................................................................................... 24

*Kacsuta v. Lenovo (United States) Inc.*, No. SACV1300316CJCRNBX, 2014 WL 12585783, at *3 (C.D. Cal. Sept. 15, 2014) ........................................................................... 11

*Keilholtz v. Lennox Hearth Prod. Inc.*, 268 F.R.D. 330, 337 (N.D. Cal. 2010) ....................... 9

*Maldanado v. Apple, Inc.*, 3:16-cv-04067-WHO (Doc. 340, ¶ 11) ............................................ 20

*Mergens v. Sloan Valve Co.*, 2017 WL 9486153, at *6 (C.D. Cal. Sept. 18, 2017) ............... 10

*Milano v. Interstate Battery Sys. of Am., Inc.*, No. 4:10-CV-02125 (N.D. Cal. 2012) ............ 24

*Mullins v. Premier Nutrition Corp.*, 2016 WL 1535057, at *8 (N.D. Cal. 2016) .................... 12

*Nguyen v. Radient Pharm. Corp.*, 287 F.R.D. 563, 569 (C.D. Cal. 2012) ................................ 8

*One Unnamed Deputy Dist. Attorney v. Cty. of Los Angeles*, 2011 WL 13128375, at *4 (C.D. Cal. 2011) ................................................................................................................. 12

*Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022) ........................................................ 9

*Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010) .......................................................... 9

*Smith v. Am. Greetings Corp.*, No. 14-CV-02577-JST, 2016 WL 362395, at *10 (N.D. Cal. Jan. 29, 2016) ........................................................................................................................ 16

*Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 322, 331-32 (C.D. Cal. 2016) ............. 11, 22, 23

*Staton v. Boeing, Co.*, 327 F.3d 938, 957 (9th Cir. 2003). ...................................................... 10

*Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1019 (9th Cir. 2011) ........................................ 9

*Tabak v. Apple, Inc.*, 4:19-cv-02455-JST (Doc. 171-2) .......................................................... 20

*Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 136 S. Ct. 1036, 1045 194 L. Ed. 2d 124 (2016) .................................................................................................................................... 11

*Wahl v. Yahoo! INC.*, 2018 WL 6002323, at *3 (N.D. Cal. 2018) .......................................... 22

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011) ........ 8

*Walsh v. CorePower Yoga LLC*, 2017 WL 589199, at *12 (N.D. Cal. 2017) ......................... 22

*Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1172-76 (9th Cir. 2010) ....... 8, 9, 1

**Statutes**

California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 ...................................... 2

California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 ....................................... 2

Class Action Fairness Act, 28 U.S.C. § 1715 ........................................................................... 23

Magnuson Moss Warranty Act, 15 U.S.C. § 2301, *et seq* ......................................................... 2

Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1791 .............................................. 2

**Rules**

Fed. R. Civ. P. 23(a) ................................................................. 2, 8, 9, 10, 25

Fed. R. Civ. P. 23(b)(3) ................................................................. 10,22

Fed. R. Civ. P. 23(c)(2)(B). ................................................................. 23, 24

Fed. R. Civ. P. 23(e). ................................................................. 12, 13, 14, 22, 23

Fed. R. Civ. P. 23(e)(1)(B) ................................................................. 13

Fed. R. Civ. P. 23(e)(2) ................................................................. 13

Fed. R. Civ. P. 23(e)(3) ................................................................. 13,15

1

## NOTICE OF MOTION AND MOTION

2   **PLEASE TAKE NOTICE** that on September 12, 2024 at 2:00 p.m., before the

3   Honorable Haywood S. Gilliam, Jr. of the United States District Court for the Northern District

4   of California, Plaintiffs will and do hereby move the Court, pursuant to Federal Rules of Civil

5   Procedure 23(a), (b)(3), and (e), for entry of the proposed Preliminary Approval Order, and

6   request that the Court set the following schedule:

7

8

| Event | [Proposed] Deadline |
|-------|---------------------|
| Class Action Fairness Act notice to state and federal officials, under 28 U.S.C. § 1715 | Within 10 days after filing of the motion for preliminary approval |
| Class data to be submitted to Settlement Administrator | As soon as practicable, but no later than 30 days after entry of preliminary approval |
| Notice Date | No later than 60 days after entry of preliminary approval order |
| Notice to be substantially completed | No later than 85 days after entry of preliminary approval order |
| Plaintiffs to move for attorneys' fees, expenses, and service awards | 100 days after entry of preliminary approval order |
| Plaintiffs to move for final approval of the settlement | 120 days after entry of preliminary approval order |
| Deadline for the submission of objections and requests for exclusion, and opposition or objections to Plaintiffs' motion for attorneys' fees, expenses, and service awards | 120 days after entry of preliminary approval order |
| Reply briefs in support of final approval and motion for attorneys' fees, expenses, and service awards, and responses to any timely objections | 145 days after entry of preliminary approval order |
| Deadline to update or confirm payment information and elect payment method | 145 days after entry of preliminary approval order |
| Final Fairness Hearing | At least 165 days after entry of preliminary approval order |

24

25       This Motion is based on this Notice of Motion, the incorporated memorandum of points

26   and authorities, the accompanying Declaration of Lucy Tufts (Exhibit 2, "Tufts Decl."), the

27   record in this action, the argument of counsel, and any other matters the Court may consider.

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.     INTRODUCTION**

3     After several years of litigation and eight months of settlement negotiations, Plaintiffs

4     seek preliminary approval of a $20,000,000 non-reversionary cash settlement to resolve this

5     class action and compensate consumers who reported symptoms of battery swell after

6     purchasing a First Generation, Series 1, Series 2, or Series 3 Apple Watch.  The Settlement

7     Agreement is attached as Exhibit 1.

8     The settlement meets all criteria for preliminary approval under Rule 23 of the Federal

9     Rules of Civil Procedure and the Northern District's Procedural Guidance for Class Action

10    Settlements ("Guidelines").[1]  The settlement was reached after more than eight months of arm's

11    length negotiations and with the help of veteran mediator Randall Wulff.  The settlement follows

12    two motions to dismiss, review of over 1.4 million pages of documents, weeks of device

13    inspection and testing supervised by neutral expert Dr. David Mitlin of the Walker Department

14    of Mechanical Engineering (University of Texas at Austin), eight sets of written discovery to

15    Apple, three sets of written discovery to each of 12 named plaintiffs, and intensive work with

16    the parties' experts. The parties have a thorough understanding of the strengths and weaknesses

17    of their positions.

18    All persons in the United States who own or owned a First Generation, Series 1, Series 2,

19    or Series 3 Apple Watch ("Class Watches" or "Watches") in the United States for personal use

20    and are reflected in Apple's records as having reported the Covered Issues in the United States

21    are eligible to receive a share of the proposed settlement (the "Settlement Class"). (Ex. 1, ¶ 24).

22    "Covered Issue(s)" means "issues reported to Apple regarding the Covered Watches reflected

23    in Apple's records as having reported symptoms potentially associated with battery swell." *Id.*,

24    ¶ 5.

25    After investigating the facts and considering applicable law, Plaintiffs and their counsel

26

[1] https://www.cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/

27    MOTION FOR PRELIMINARY APPROVAL
NO. 4:21-CV-09527-HSG

concluded that it is in the best interests of the Settlement Class Members to enter into the Settlement to avoid the uncertainties of litigation and to assure meaningful and timely benefits to the Settlement Class Members.  For the reasons stated here, the Named Plaintiffs and their counsel respectfully submit that the terms and conditions of this Settlement are fair, reasonable, adequate, and in the best interests of all members of the Settlement Class.

Accordingly, the Named Plaintiffs respectfully request that the Court enter an Order: (1) preliminarily approving the Settlement; (2) certifying, for settlement purposes, the proposed Settlement Class under Rule 23(a), (b)(3), and (e); (3) approving and ordering dissemination of the proposed class notice and forms of the Notice Program set forth in the Settlement Agreement; (4) appointing Plaintiffs Chris Smith, Alexis Keiser, Amber Jones, and Alberto Cornea as Settlement Class Representatives; (5) appointing Steven Nicholas and Lucy Tufts of Cunningham Bounds, Michael Ram and Marie Appel of Morgan & Morgan, and Ben Kilborn of Kilborn Law, LLC, as counsel for the Settlement Class ("Class Counsel"); (6) appointing Angeion Group as the Settlement Administrator; and (7) scheduling a Final Approval Hearing.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

The parties vigorously litigated this case for two years before agreeing to a settlement in principle.

### A.     Plaintiffs' Allegations and Early Case Activities

In December 2021, Plaintiffs filed this class action against Apple asserting claims arising out of an alleged defect in the Apple Watch.  (ECF No. 1).  Plaintiffs alleged violations of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*. ("UCL"); violations of the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, et seq. ("CLRA"); fraudulent omissions; violations of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1791 *et seq*.; breaches of implied warranties; and violations of the Magnuson Moss Warranty Act, 15 U.S.C. § 2301, *et seq*.  On March 28, 2022, Plaintiffs filed their First Amended Complaint, which named additional Plaintiffs and alleged additional  state law claims. (ECF No.

31).

**B.    Motions to Dismiss**

On April 27, 2022, Apple moved to dismiss the First Amended Class Action Complaint. (ECF 41).  On February 17, 2023, the Court granted in part and denied in part the motion to dismiss with leave to amend. (ECF 80).  The Court declined to dismiss Plaintiffs' fraudulent omission claims, holding that Plaintiffs had adequately alleged pre-sale knowledge of the alleged defect.  *Id.*  Plaintiffs adequately pled their claims under the consumer protection statutes of Michigan, New York, and Texas.  *Id.*  The Court dismissed Plaintiffs' claims for equitable relief, most of their Song-Beverly Act claims, and their claims under the Magnuson-Moss Warranty Act with leave to amend.  *Id.*  The Court dismissed Plaintiffs' breach of implied warranty claims without leave to amend.  *Id.*

On March 17, 2023, Plaintiffs filed their Second Amended Consolidated Class Action Complaint ("SAC") Act. (ECF No. 84).  On May 1, 2023, Apple moved to dismiss, arguing that Plaintiffs improperly added new plaintiffs and claims and that the claims for equitable relief should be dismissed.  (ECF 100).

On October 30, 2023, the Court granted Plaintiffs' request to file a Third Amended Complaint and mooted Apple's Motion To Dismiss the Second Amended Complaint. (ECF. No. 134).

**C.    Discovery**

Settlement negotiations were informed by extensive discovery.  Apple was initially served with Plaintiffs' discovery in March 2022.  On May 17, 2022, this Court denied Apple's request to stay discovery.  (ECF 44).  Plaintiffs propounded eight sets of document requests and one set of interrogatories to Apple and served seven subpoenas duces tecum on non-party resellers and repair providers. Tufts Decl., ¶ 5.

The parties conducted extensive discovery negotiations, including a number of meet and confer sessions, regarding topics including but not limited to Stipulated Protective Order and ESI

Protocol; the scope of individual discovery requests; the time period applicable to discovery requests; production of specific documents in native form; appropriate search terms and custodians for ESI searches; methods for producing representative samples in lieu of total document populations for customer complaint records; timing and volume of rolling productions; and prioritization of discovery requests. Tufts Decl. ¶ 6.  Remaining disputed issues were addressed in a joint letter filed with the Court on April 11, 2023.  *Id.*

Apple produced about 1.4 million pages of documents. Tufts Decl. ¶ 7.  Plaintiffs' counsel reviewed, analyzed, summarized, and built a chronology of all these documents, which informed expert analysis and settlement discussions.  *Id.*  Each Plaintiff responded to at least 16 interrogatories, 35 document requests, a request for inspection of their Apple Watch, and produced documents.  *Id.* The parties also engaged in discovery motion practice before Judge Beeler. (ECF Nos. 65, 68, 71, 85, 92, and 98).

### D.    Settlement Negotiations

On November 1, 2023, the parties had a full day mediation with Randy Wulff in Napa. The parties discussed the facts and law as well as the strengths and weaknesses of their respective positions.  At the conclusion, the Parties reached a tentative agreement.  Follow up discussions ensued for several weeks and on February 6, 2024, the parties signed a term sheet.  On July 18, 2024, a formal settlement agreement was finalized.  Tufts Decl, ¶ 8.  It was executed on August __, 2024.  *Id.*

## III.    THE PROPOSED SETTLEMENT

### A.    The Proposed Settlement Class

The Settlement contemplates relief for the following proposed Settlement Class:

 "All natural persons who reside in the United States, who own or owned any model First Generation, Series 1, Series 2 or Series 3 Apple Watch for personal and/or household use, and who are reflected in Apple's records as having reported the Covered Issues in the United States." (Ex. 1, ¶ 24).  "Covered Issue(s)" means "issues reported to Apple regarding the Covered

1    Watches reflected in Apple's records as having reported symptoms potentially associated with

2    battery swell." (Ex. 1, ¶ 5).

3            Apple has identified approximately 625,000 Settlement Class members.[2]

4        **B.    Settlement Relief**

5            The Settlement benefits squarely address the issues raised in the litigation and provide

6    significant relief to the Settlement Class Members.  The cash payment will be either $20 for

7    each Covered Device or, if necessary, a pro rata portion of the Net Settlement Fund.  If,

8    following the deadline for Settlement Class Members to update or confirm payment

9    information and elect a payment method, it appears that the Net Settlement Fund minus the sum

10   of all Class Payments will exceed $50,000, then each Settlement Class Member who has

11   confirmed or updated payment information and made a payment selection by the Response

12   Deadline, as well as any Settlement Class Members for whom valid, current payment

13   information can be confirmed by the Settlement Administrator, will receive an equal, total

14   payment of up to a maximum of $50 for each Covered Device.  (Exh. 1, Section B(4)).  The

15   payment is appropriate in light of costs for service related to symptoms associated with the

16   alleged battery swell issue.

17       **C.    Notice to the Class**

18           The Settlement provides a comprehensive Notice Program developed with the assistance

19   of Angeion Group, which specializes in settlement administration and class notice plans.  (Exs.

20   A, B, and C to Ex.1, the Settlement Agreement).  Notice will be emailed to Settlement Class

21   members for whom Apple has an email address, and mailed to Settlement Class members for

22   whom Apple has only a physical address.

23           The Settlement Administrator will establish and maintain a settlement website. (Ex. 3, ¶¶

24   30-32, Decl. of Steven Weisbrot, "Weisbrot Decl.").  The Settlement website will include,

25   ───────────────
     [2] Excluded from the Settlement Class are any entity in which Apple has a controlling interest; Apple's directors,
26   officers, and employees; and Apple's legal representatives, successors, and assigns.  Also excluded from the
     Settlement Class are all judicial officers assigned to this case as well as their staff and immediate families.

27

without limitation, the Full Class Notice in downloadable PDF format, the Settlement Agreement, the Third Amended Complaint, the Preliminary Approval Order, the preliminary approval filings, the motion for attorneys' fees and expenses, the motion for final approval of class action settlement, frequently asked questions, information on how to object or request exclusion, and contact information for Class Counsel and Angeion. *Id.*, ¶ 31. The website will include a readily accessible means for Settlement Class members to electronically update or confirm their payment information and select their preferred payment method. The website will explain how Class Payment will be distributed. The website shall remain accessible until 30 days after the Settlement Administrator has completed its obligations under this Settlement Agreement.  The Settlement Administrator shall mail or email the Full Class Notice to any Settlement Class member who requests it.

The Notices provide Settlement Class Members with all required information to make an informed decision whether to participate in the Settlement. The Notices will include, among other things: information regarding the nature of the lawsuit; a description of the material terms of the Settlement; the class definition; the deadline by which Settlement Class Members must opt out or submit objections; the date upon which the Final Approval Hearing will occur; the address of the Settlement Website; the telephone number of the Settlement Administrator; and related information. The Notices will also advise how Settlement Class Members can update or confirm their payment information, elect their preferred payment method (Ex. 7), and what will happen if they do not do so. (Exs. A, B, and C to Ex.1, the Settlement Agreement). Further, the Settlement Administrator will maintain a toll-free number where Settlement Class Members can obtain additional information and request documents by mail.

### D.    Opt-Out and Objection Procedures

Settlement Class Members may exclude themselves from the Settlement by completing and mailing the proposed opt-out form to the Settlement Administrator, postmarked no later than 60 days after the Notice Deadline. (Ex.1, Section E).

Settlement Class Members may also object to the Settlement and to Class Counsel's request for attorneys' fees, costs, and expenses, and Service Awards. (Ex. 1, Section D). To object, a Settlement Class Member must submit the written objection electronically or by mail to the Court as identified in the notice, postmarked no later than 60 days after the Notice Deadline. The objection must set forth, among other things: (a) the full name, address, telephone number, and email address of the objector and any counsel representing the objector; (b) the case name and number: *Smith et al. v. Apple*, Case No. 4:21-cv-09527 (N.D. Cal.); (c) information sufficient to verify that the objector is a Settlement Class Member; (d) a statement whether the Objection applies only to the objector, to a specific subset of the class, or to the entire class; (e) the grounds for the Objection; and (f) be personally signed and dated by the objector.

**E.    Notice and Administrative Costs**

Costs of notice and administration will be paid from the settlement fund. (Ex. 1, Section F(1).

**F.    Attorneys' Fees, Costs, and Service Awards**

Counsel will apply for no more than $5,000,000 in attorneys' fees, plus costs and expenses. Class Counsel will also apply for a Service Award for lead Plaintiff, Chris Smith, in the amount of $5,000 and Awards for each of the remaining named Plaintiffs in the amount of $2,000 in recognition of the commitment and effort they have respectively contributed for the benefit of the Settlement Class. By no later than 20 days before the deadline to object, Class Counsel will submit to the Court a detailed memorandum seeking attorneys' fees, costs, and expenses. The Parties have reached no clear-sailing or other agreement on the amount of attorneys' fees and expenses that Class Counsel will seek. While recognizing that the Settlement entitles Class Counsel to apply for reasonable fees and expenses, Apple reserves the right to object to or oppose Class Counsel's requests for attorneys' fees and expenses.

**G.      Release**

In  exchange  for  the  benefits  provided  under  the  Settlement,  the  Settlement  Class Members will release Defendants and related entities from all claims arising out of or related to the claims alleged in the Action.   (Ex. 1, Section H).

**IV. ARGUMENT**

**A.      The Court Should Certify the Settlement Class**

**1.   The Settlement Class Meets the Requirements of Rule 23(a)**

In granting preliminary approval, the Court should confirm that the proposed settlement class meets the requirements of Rule 23. *See Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997). The prerequisites for certification under Rule 23(a) are: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation, each of which is satisfied here.  Fed. R. Civ. P. 23(a); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011).

**i.   The Settlement Class Members Are Too Numerous To Be Joined**

The proposed Settlement Class encompasses over 600,000 Settlement Class Members. *See Nguyen v. Radient Pharm. Corp.*, 287 F.R.D. 563, 569 (C.D. Cal. 2012) (finding 40 members presumptively satisfies numerosity).

**ii.   There Are Common Questions of Law and Fact**

The proposed Settlement Class satisfies the commonality requirement of Rule 23(a), which requires that class members' situations "share a common issue of law or fact, and [be] sufficiently parallel to insure a vigorous and full presentation of all claims for relief." *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1172 (9th Cir. 2010).  The common issues that their claims share include, but are not limited to: (i) whether the Apple Watch was defective; (ii) whether the alleged defect caused the Apple Watch to fail or otherwise suffer damage; and (iii)

whether Apple had knowledge of the alleged defect and, if so, failed to disclose the alleged defect.

These questions are capable of class-wide resolution and would "resolve an issue that is central to the validity of each one of the claims in one stroke." *In re Chrysler-Dodge-Jeep EcoDiesel Mktg., Sales Practices, & Prods. Liab. Litig.*, 2019 WL 536661, at *5 (N.D. Cal. Feb. 11, 2019) (citation omitted). Therefore, commonality is satisfied.

### iii. Plaintiffs' Claims Are Typical of the Class

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class," and "assure[s] that the interest of the named representative[s] align[] with the interests of the class," *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) (citation omitted). This requirement, like commonality, is "permissive and requires only that the representative's claims are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010), *abrogated on other grounds by Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022) (citation and internal quotation marks omitted); *see also Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1019 (9th Cir. 2011) (noting that typicality is "satisfied when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability"), *abrogated on other grounds by Comcast Corp. v. Behrend*, 569 U.S. 27, 133 S.Ct. 1426, 185 L.Ed.2d 515 (2013).

Here, Plaintiffs' claims arise from the same course of conduct. Because all Settlement Class Members purchased a First Generation, Series 1, Series 2, or Series 3 Apple Watch and allegedly experienced a Covered Issue, all "the named plaintiffs have the same or similar [alleged] injury as the unnamed [Settlement Class Members]." *Keilholtz v. Lennox Hearth Prod. Inc.*, 268 F.R.D. 330, 337 (N.D. Cal. 2010). Accordingly, Plaintiffs' experiences are typical of the Settlement Class Members' experiences, and their alleged injuries are similar. *See id.* at

338.  Further, Plaintiffs are adequate class representatives with no conflict of interest and are represented by qualified and competent counsel.  *Hanlon*, 150 F.3d at 1020; Tufts Dec. ¶ 9.

### iv.  Plaintiffs and Class Counsel Will Fairly and Adequately Protect the Interests of the Class

As Rule 23(a)(4) requires, Plaintiffs and their counsel will "fairly and adequately protect the interests of the class."  Courts ask two questions here: "(1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). "To establish adequacy, class representatives generally need only to be familiar with the basis for the suit and their responsibilities as lead plaintiffs such that they can uphold their obligations to other class members." *In re Intuitive Surgical Sec. Litig.*, No. 5:13-cv-01920-EJD, 2016 WL 7425926, at *7 (N.D. Cal. Dec. 22, 2016) (quotations and citation omitted).

Plaintiffs agreed to serve in a representative capacity, communicated with their attorneys, fulfilled their discovery obligations, and acted in the best interests of the Settlement Class. Tufts Decl., ¶ 9. *See Mergens v. Sloan Valve Co.*, 2017 WL 9486153, at *6 (C.D. Cal. Sept. 18, 2017) (adequacy requirement met where plaintiff had no interests antagonistic to the class).

Class Counsel have demonstrated their adequacy.  The attorneys working on this case are experienced in prosecuting consumer class actions and other complex cases. Tufts Decl., ¶¶ 1-4; Ram Decl., ¶¶ 1-13 (Exhibit 3); Kilborn Decl., ¶¶ 1-4 (Exhibit 4).  They have dedicated ample time and resources to investigating, pleading, and pursuing these claims and will continue to devote the resources necessary to prosecute the litigation to judgment.  Tufts Decl. ¶ 10.

### 2.  The Settlement Class Meets the Requirements of Rule 23(b)(3)

"In addition to meeting the conditions imposed by Rule 23(a), the Parties seeking class certification must also show that the action is maintainable under Fed. R. Civ. P. 23(b)(1), (2) or (3)." *Hanlon*, 150 F.3d at 1022.  Here, the proposed class is maintainable under Rule 23(b)(3),

1   as common questions predominate over any questions affecting only individual members and

2   class resolution is superior to other available methods for a fair resolution of the controversy.

3        **i.   Common Issues of Law and Fact Predominate for**

4        **Settlement Purposes**

5        The predominance inquiry tests the cohesion of the class, "ask[ing] whether the common,

6   aggregation-enabling, issues in the case are more prevalent or important than the non-common,

7   aggregation-defeating, individual issues." *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 136

8   S. Ct. 1036, 1045, 194 L. Ed. 2d 124 (2016) (citation omitted). Predominance is ordinarily

9   satisfied, for settlement purposes, when the claims arise out of the defendant's common conduct.

10  *Gold v. Lumber Liquidators, Inc.*, 323 F.R.D. 280, 288 (N.D. Cal. 2017) (predominance satisfied

11  where claims were based on "the same deceptive conduct"); *Kacsuta v. Lenovo (United States)*

12  *Inc.*, No. SACV1300316CJCRNBX, 2014 WL 12585783, at *3 (C.D. Cal. Sept. 15, 2014)

13  (common issues "significantly outweigh any individual questions" where the claims arise out of

14  the "same alleged course of conduct" by the defendant).

15       Settlement Class Members' claims depend on whether Apple is liable for the alleged

16  battery swell defect, and thus raise predominantly common questions.  *See, e.g.*, *Spann v. J.C.*

17  *Penney Corp.*, 314 F.R.D. 312, 322 (C.D. Cal. 2016) ("*Spann I*") (finding predominance met

18  when conduct at issue is focused primarily on defendant's actions and not on individual

19  plaintiffs).  As a result, this Settlement Class is cohesive: all Settlement Members purchased a

20  First Generation, Series 1, Series 2, or Series 3 Apple Watch that allegedly contain a common

21  battery swell defect that Apple is alleged to have known about and failed to disclose, and the

22  common questions noted above present a significant aspect of litigation and predominate.  *See,*

23  *e.g.*, *Allagas v. BP Solar Int'l*, No. 3:14-cv-00560-SI (EDL), 2016 WL 9114163, at *3-4 (N.D.

24  Cal. Dec. 22, 2016) (finding common issues, including alleged common design defect,

25  defendant's alleged knowledge of the defect, and defendant's alleged failure to disclose known

26

information about the defect, predominate).  Thus, common questions predominate for settlement purposes.

### ii.  A Class Action Is a Superior Means of Resolving This Controversy

Superiority "requires the court to determine whether maintenance of this litigation as a class action is efficient and whether it is fair."  *One Unnamed Deputy Dist. Attorney v. Cty. of Los Angeles*, 2011 WL 13128375, at *4 (C.D. Cal. 2011); *see Wolin v. Jaguar Land Rover North Am., LLC*, 617 F.3d 1168, 1175-76 (9th Cir. 2010). Here, given the relatively modest value of the individual claims, Settlement Class Members are unable to bring individual lawsuits against Apple. And, because the Settlement Class Members number in the hundreds of thousands, class-wide resolution of their claims in a single action is efficient. *See Mullins v. Premier Nutrition Corp.*, 2016 WL 1535057, at *8 (N.D. Cal. 2016) ("Cases, such as this, 'where litigation costs dwarf potential recovery' are paradigmatic examples of those well-suited for classwide prosecution.") (citing *Hanlon*, 150 F.3d at 1023).

There can be little doubt that resolving all Settlement Class Members' claims through a single class action is superior to a series of individual lawsuits. "From either a judicial or litigant viewpoint, there is no advantage in individual members controlling the prosecution of separate actions. There would be less litigation or settlement leverage, significantly reduced resources and no greater prospect for recovery." *Hanlon*, 150 F.3d at 1023. Finally, settlement class proceedings here do not present the sort of management problems that sometimes override the benefits of class actions, "for the proposal is that there be no trial." *Amchem*, 521 U.S. at 620.

### B.  The Settlement Merits Preliminary Approval

Recent revisions to Rule 23(e) standardized the analysis needed at the preliminary approval stage.

First, amended Rule 23(e)(1) provides that notice should be given to the class, and hence, preliminary approval should be granted where the Court "will likely be able to": (i) finally

approve the settlement under Amended Rule 23(e)(2); and (ii) certify the class for settlement purposes.  Fed. R. Civ. P. 23 (e)(1)(B)(i)–(ii).  As explained above, the Class here meets the criteria for certification, including all aspects of numerosity, commonality, typicality, adequacy, and predominance.  Rule 23(e)(1)(B)(ii) is therefore met.

As to Rule 23(e)(1)(B)(i), final approval is proper under the amended rule upon a finding that the settlement is "fair, reasonable, and adequate" after considering whether:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e).

The Court will more than "likely be able to" finally approve this Settlement. The Class Representatives and Settlement Class Counsel have adequately represented the Class. *See infra*, Section IV(A)(1)(iv).  Counsel are experienced in litigating, trying, and resolving consumer class actions and have developed a strong understanding of the merits of such cases and what type of settlement is fair, reasonable, and adequate under the circumstances.   Tufts Dec. ¶ 10.

The Settlement was reached by extensive, arm's length negotiations between experienced counsel with a seasoned mediator.  It was preceded by extensive discovery and review by counsel of information and data produced by the respective parties, including expert inspection of the

1   Plaintiffs' watches.  Tufts Dec. ¶¶ 11.

2          **1.  Adequacy of Relief: Costs, Risks, and Delay**

3          The relief is reasonable and adequate, particularly in light of the risks and delay of trial

4   and associated appeals. Tufts Dec. ¶ 12.

5          Had the Parties been unable to resolve this case through settlement, the litigation would

6   have been protracted and costly. Although Named Plaintiffs and Class Counsel believe that the

7   claims asserted are meritorious, continued litigation against Apple posed significant risks.

8   Continued litigation would require the Court to resolve several separate threshold questions

9   concerning the viability of the litigation. Apple's deadline to file a motion to dismiss the Third

10  Amended Complaint remains stayed.  Plaintiffs would have had to win another motion to dismiss,

11  a litigation class certification motion, a summary judgement motion, *Daubert* motions, trial, and

12  appeals against an opponent with a current market capitalization of $3.6 trillion.

13         Considering these difficult issues, the Settlement's monetary benefits are appropriate and

14  the timing in which they will be provided is significant.

15         The Parties exchanged significant information through discovery which enabled

16  Plaintiffs' Counsel to make a well-informed decision about the risks of the case and the benefits

17  of the settlement. Tufts Dec. ¶ 7.

18         In addition, the Settlement terms are favorable to the Class and meet the demands in the

19  Complaint. All Settlement Class Members will receive monetary benefits under the provisions

20  of the Settlement with no requirement to file a claim.  The Settlement provides immediate and

21  meaningful benefits for Settlement Class Members they otherwise may not receive.  Tufts Dec.

22  ¶ 13.  The proposed total Settlement value here of $20,000,000 is substantial by any measure and

23  certainly falls within a range of approval.  This is particularly true because of the real risk that

24  Plaintiffs could have recovered nothing had litigation continued.  *Id.*

25        **2.  Adequacy of Relief:  Proposed Method of Distributing Relief**

26         Payment will be distributed without the need to file any type of claim form or other proof.

27

1    The Settlement provides for a fund to be distributed to Settlement Class members
2    identified by Apple without the need for any claim form.  After administrative expenses and
3    attorney fees, the fund will be distributed to Settlement Class Members.  Members of the
4    Settlement Class will be requested to confirm or update their payment information and can select
5    their preferred payment method and receive the Class Payment by physical check, electronic
6    check, Automated Clearing House ("ACH," a/k/a direct deposit), or a virtual Visa or MasterCard
7    gift card. (Ex. 1, Section B(3)). Settlement Class Members who do not update or confirm payment
8    information nor select a payment method, but for whom valid, current payment information can
9    be confirmed, will either: (a) receive an electronic payment if the Settlement Administrator has
10   a valid, current email address; or (b) receive a physical check if the Settlement Administrator has
11   a valid, current street address but not a valid, current email address.  *Id.*

12              **3.  Adequacy of Relief:  Attorneys' Fees**

13        Plaintiffs will seek no more than $5,000,000 in attorneys' fees, plus costs and expenses.
14   *See* Section III(F), *supra*.

15         **C.  Rule 23(e)(3) Agreements and Equality of Treatment**

16        Finally, the Court should examine whether the Settlement provides preferential treatment
17   to any class member. This analysis turns on whether there is any disparity among what Class
18   Members are poised to receive and, if so, whether the Settlement "compensates class members
19   in a manner generally proportionate to the harm they suffered on account of [the] alleged
20   misconduct." *Altamirano v. Shaw Indus., Inc.*, No. 13-CV-00939-HSG, 2015 WL 4512372, at
21   *8 (N.D. Cal. July 24, 2015); *G.F. v. Contra Costa Cty.*, No. 13-CV-03667-MEJ, 2015 WL
22   4606078, at *14 (N.D. Cal. July 30, 2015) (analyzing whether settlement "appears uniform").

23        Here, Plaintiffs seek certification of a single settlement class and all members of the
24   proposed Settlement Class are entitled to the same benefits. All Settlement Class Members who
25   do not exclude themselves will be eligible for payment of the class benefit.

26

27   _____
     MOTION FOR PRELIMINARY APPROVAL
     NO. 4:21-CV-09527-HSG

The Settlement Agreement authorizes a Service Award for each Named Plaintiff in recognition of the services they performed on behalf of the class. The Service Awards requested are not "unreasonably large and thus unfair." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 947 (9th Cir. 2015). Rather, the awards contemplated here are lower than "typical incentive awards in the Ninth Circuit, where $5,000 is presumptively reasonable." *Smith v. Am. Greetings Corp.*, No. 14-CV-02577-JST, 2016 WL 362395, at *10 (N.D. Cal. Jan. 29, 2016); *see also Online DVD-Rental*, 779 F.3d at 947-48 (affirming awards of $5,000 to each of nine class representatives). The amount requested is appropriate given the time, effort, and risk of each Named Plaintiff's participation in this Action. Tufts Dec. ¶ 7.

**D. The District's Procedural Guidance**

The Northern District of California's Procedural Guidance for Class Action Settlements (hereinafter "District Guidance") sets forth multiple applicable criteria, addressed below.

**1. Sub-Factors 1(a) and 1(c): Classes and Claims Alleged v. Settled**

The proposed Settlement Class is smaller than that alleged in the Complaint. The Complaint sought a class consisting of: "All natural persons who purchased, other than for resale, any model First Generation, Series 1, Series 2, Series 3, Series 4, Series 5, Series 6, or Series SE Apple Watch ("Class Watches" or "Watches") and who made such purchase in the United States (including the District of Columbia) for personal, consumer, and/or household use." (ECF 1). The Settlement Class is defined as: "All natural persons who reside in the United States, who own or owned any model First Generation, Series 1, Series 2 or Series 3 Apple Watch for personal and/or household use, and who are reflected in Apple's records as having reported the Covered Issues in the United States." (Ex. 1, ¶ 24). "Covered Issue(s)" means "issues reported to Apple regarding the Covered Watches reflected in Apple's records as having reported symptoms potentially associated with battery swell." (Ex. 1, ¶ 5).

The adjustment of the class definition was driven by the expert inspection of the watches at issue and document discovery. The incidence of symptoms potentially associated

with battery swell was significantly less in generations of the Apple Watch after Series 3. Moreover, even with respect to the Covered Watches, only a very small percentage of owners were reflected in Apple's records as having reported symptoms potentially associated with battery swell. Therefore, it was prudent to focus the litigation, and the settlement, on the Covered Watches. Inclusion of later series of Watches would have expanded the class but not meaningfully increased the recovery to the class. Purchasers of later generation watches are not releasing Apple for the claims in this case.

### 2. Sub-Factor 1(e): Anticipated Recovery v. Settlement Amount

Continued litigation carried considerable risk of a lesser recovery or none at all. Apple vigorously denies liability and has argued that the Watches were not defective, and further that changes in various generations of the Apple Watch would defeat an attempt to show a common defect across different generations of Watches. Plaintiffs would have to maintain class certification through entry of judgment and overcome numerous defenses including Apple's arguments that it lacked sufficient presale knowledge to create a duty to disclose the alleged defect, that it owes no damages because it provided adequate repairs, and that most purchasers did not experience the alleged defect.

The settlement provides Settlement Class Members the opportunity to achieve a certain recovery without the burden of having to make a claim. It also ensures they will be compensated now, as opposed to waiting years for an uncertain recovery. No other cases are impacted by the settlement and there is no reversion. The settlement is a win for Settlement Class Members and meets all criteria for preliminary approval.

### 3. Sub-Factor 1(g): Expected Claims Rates

There will be no claims process. Apple anticipates having valid email or physical addresses for over 90% of Settlement Class members (Apple is in the process of confirming class contact data). Settlement Class members will be requested to confirm or update their payment information and elect a payment method, but Settlement Class Members who do not respond will

receive direct payment if the Settlement Administrator can confirm a current and valid email or physical mailing address.    Thus, it is expected that a high percentage of Settlement Class Members will receive payment under the Settlement.    Tufts Decl., ¶ 14.

### 4.  Factor 2: Settlement Administration

Plaintiffs' counsel retained Angeion Group as the Settlement Administrator after sending requests for proposals to four leading class action administrators and receiving proposals from each. Tufts Decl., ¶ 15. After analyzing the proposals and consulting with Apple, Plaintiffs' counsel selected Angeion Group based on its qualifications and competitive bid. *Id.*

Cunningham Bounds, LLC and Kilborn Law, LLC have had no previous engagements with Angeion Group.  Morgan & Morgan Complex Litigation Group have used Angeion Group for class notice and settlement administration over the last two years in:

|            | Case Name                                           | Case No.                     | Court            |
|------------|-----------------------------------------------------|------------------------------|------------------|
| 5/29/2024  | *Kellman v. Spokeo Inc.*                             | 3:21-cv-08976                | N.D. Cal.        |
| N/A        | *Brown v. Google LLC*                               | 4:20-cv-03664                | N.D. Cal.        |
| N/A        | *Callahan et al. v. PeopleConnect, Inc.*            | 3:20-cv-09203                | N.D. Cal.        |
| 6/24/2024  | *Guarnaschelli et al. v. East River Medical Imaging P.C.* | 656099/2023            | N.Y. Sup. Ct.    |
| 6/20/2024  | *Bundage v. Order Express Inc.*                     | 1:22-cv-07210                | N.D. Ill.        |
| 11/22/2023 | *In re: US Fertility LLC Data Security Litigation*  | 8:21-cv-00299                | D. Md.           |
| 5/17/2023  | *Stoffers v. Dave Inc.*                             | 20STCV35381                  | Cal. Super. Ct.  |
| 3/13/2023  | *Flores v. Don Roberto Jewelers Inc.*               | 30-2021-0121035-CU-NP-CXC    | Cal. Super. Ct.  |
| 3/7/2023   | *Retsky et al. v. Supercare Health Inc. and Supercare Inc.* | 22STCV16267           | Cal. Super. Ct.  |
| 2/17/2023  | *McNicholas v. Illinois Gastroenterology Group, PLLC* | 22LA00000173               | Ill. Cir. Ct.    |
| 2/3/2023   | *Morales et al. v. Orlando Family Physicians LLC*   | 2021-ca-009153-o             | Fla. Cir. Ct.    |
| 12/2/2022  | *Stevens v. Pepsico Inc. et al.*                    | 7:22-cv-00802                | S.D.N.Y.         |

Administrative costs will be paid from the settlement fund. The Settlement Administrator has agreed to perform all settlement notice and administration duties required by the Settlement

1    Agreement at a cost not expected to exceed $599,000. Wesibrot Decl., attached as Exhibit 5, ¶

2    36.  In addition to managing the notice program and receiving and processing claims and opt-

3    outs, Angeion will maintain a settlement website containing links to the notice, claim form, and

4    all other relevant settlement documents. *Id.* ¶¶ 30-32.

5        Angeion has robust policies, procedures, and infrastructure for data security.  Angeion's

6    privacy practices comply with the California Consumer Privacy Act. Angeion imposes additional

7    data security measures for the protection of Personally Identifiable Information (PII), including

8    redaction, restricted network and physical access on a need-to-know basis, and network access

9    tracking. Angeion requires background checks of all employees and requires background checks

10   and ongoing compliance audits of its contractors.  Data is transmitted using Transport Layer

11   Security (TLS) 1.3 protocols.  Network data is encrypted at rest with the government and

12   financial institution standard of AES 256-bit encryption.  Angeion monitors the latest compliance

13   requirements, such as GDPR, HIPAA, PCI DSS, and others, to ensure that it is meeting all

14   necessary regulatory obligations as well as aligning to industry best practices and standards set

15   forth by frameworks like CIS and NIST.  *Id.*, ¶¶ 13-16.   Angeion maintains a comprehensive

16   insurance program, including sufficient Errors & Omissions coverage.  *Id.*, ¶ 17.

17                    **5.  Factors 3-5: Notice Program, Opt-Outs, and Objections**

18       The Notice Program is thorough, far-reaching, and effective. The Notices clearly advise

19   Class Members of their ability to opt-out and provide 60 days from the Notice Date for opt-outs.

20   Detailed information about the Notice Program is outlined in the declaration of the Settlement

21   Administrator. *Id.*, ¶¶ 18-29.

22       In accordance with the District's Guidance, opting out requires only that Class Members

23   provide the Settlement Administrator with their name and address, a statement that they want to

24   be excluded from the Action, and their signature. Likewise, the procedure for Objecting is set

25   forth clearly in the Notices. Objections must be submitted in writing to the Court no later than 60

26   days after the Notice Date, and must include the objector's name, address, and telephone number;

27   MOTION FOR PRELIMINARY APPROVAL
     NO. 4:21-CV-09527-HSG

an explanation of the objector's belief that they are a Settlement Class Member; a statement of the grounds for the objection; identification of all counsel who represent the objector and whether any will appear at the Final Approval Hearing, an indication whether the objector intends to appear at the Final Fairness Hearing, and a personal signature.

### 6. Factors 6 through 10: Attorneys' Fees, Costs, and Expenses; Service Awards; Cy Pres; Timeline; and CAFA

As noted above in section III(F), Class Counsel will seek no more than $5,000,000 in attorneys' fees, plus costs and expenses. As explained in section IV(C), Plaintiffs will seek modest Service Awards for each Named Plaintiff.

Class Members will have 60 days after the Notice Date to object or opt-out. By no later than 60 days after the Notice Date, Plaintiffs will file their motion for final approval of the Settlement. Plaintiffs will file their motion for attorneys' fees, costs, and expenses and for Service Awards by no later than 40 days after the Notice Date.

The proposed service awards are similar to those in other class actions involving Apple. In *In re Apple Device Litigation*, 5:18-md-02827-EJD, Apple agreed to a service award of $3,500 for named Plaintiffs who were deposed and $1,500 for named Plaintiffs who were not (Doc. 608). In *In re: Macbook Keyboard Litigation*, 5:18-cv-02813-EJD, Apple did not oppose and the Court granted service awards of $5,000 each for named Plaintiffs (Doc. 410-1, Section 8.6). In *Maldanado v. Apple, Inc.*, 3:16-cv-04067-WHO, the Court granted service awards of $15,000 and $12,500 to the two named Plaintiffs, respectively. (Doc. 340, ¶ 11). In *Tabak v. Apple, Inc.*, 4:19-cv-02455-JST, Apple did not oppose service awards of up to $3,000 per named Plaintiff. (Doc. 171-2).

As described above, the cash payment to Settlement Class Members will be either $20 for each Covered Device or, if necessary, a pro rata portion of the Net Settlement Fund less than $20. If, following the deadline for Settlement Class Members to confirm or update their payment information and select their preferred payment method, it appears that the Net Settlement Fund

minus the sum of all Class Payments will exceed $50,000, then each Settlement Class Member who has updated or confirmed payment information and made a payment selection by the Response Deadline, and those Settlement Class Members for whom valid, current payment information can be confirmed, will receive an equal, total payment of up to a maximum of $50 for each Covered Device.  Only then will any remaining funds be paid to a *cy pres* recipient. Subject to Court approval, the Parties propose The Rose Foundation's Consumer Products Fund as the *cy pres* recipient, whose work is closely related to the issues raised by this lawsuit and furthers the objectives of this Settlement Agreement because it was created to "help consumers understand product labeling, marketing, advertising and product performance claims; the potential personal and environmental health impacts of product ingredients; and to promote truth-in-advertising and truth-in-labeling with required warnings and disclosures." (https://rosefdn.org/consumer-products-fund). Under no circumstances will the settlement funds revert to Apple.

CAFA Notice is required and will be given.  Compliance with the coupon settlement provisions of CAFA, or other settlement related dictates, are inapplicable here.  No notice to any other government entities is required.

### 7.  Factor 11: Comparable Outcomes

The funds received per class member that will be distributed as part of this settlement (between $20 and $50 per device) are consistent with other class action settlements approved by California district courts.  *See* Ex. 6 (chart of comparable settlements); *see also Free Range Content, Inc. v. Google, LLC*, 2019 WL 1299504, at *2-3 (N.D. Cal. 2019) (approving settlement which paid as low as $10 per class member); Order Granting Motion for Final Approval of Class Action Settlement, *In re: Sony VAIO Computer Notebook Trackpad Litigation*, No. 3:09-cv-02109 (S.D. Cal. Aug. 7, 2017), Dkt. No. 378 at 4 (approving settlement paying $5 to class members whose laptops did not manifest the defect); *see also* Order Granting Preliminary Approval of Class Action Settlement, *Fitzhenry-Russell v. Keurig*

1    *Dr. Pepper, Inc.*, No. 5:17-cv-00564 (N.D. Cal. Jan. 10, 2019), Dkt. No. 335 at 3 (approving

2    settlement which paid class members $2 to $5.20 without proof of purchase or $40 with proof

3    of purchase).

4         **E.    The Court Should Order Dissemination of Class Notice as Proposed**

5              **1.   The Notice Program Provides the Best Method of Notice Practicable**

6         The federal rules require that before finally approving a class settlement, "[t]he court must

7    direct notice in a reasonable manner to all class members who would be bound by the proposal."

8    Fed. R. Civ. P. 23(e). Where the settlement class is certified pursuant to Rule 23(b)(3), the notice

9    must also be the "best notice practicable under the circumstances, including individual notice to

10   all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).

11        Notice will be provided via email only to members of the Settlement Class for whom

12   Apple has an email address, and via direct mail postcard notice for members of the Settlement

13   Class for whom Apple has a physical address, but not an email address, on record. Full Class

14   Notice will also be placed on the Settlement Website. Appropriate steps will also be taken to re-

15   send notices that are returned undeliverable and to identify updated e-mail addresses and resend

16   the E-mail Notice to the extent updated e-mail addresses are identified. Weisbrot Decl., ¶¶ 18-

17   29. This proposed Notice Plan is designed to reach as many of the Settlement Class Members as

18   possible, and fully comports with due process under the circumstances of this case. Even prior to

19   the amendment to Rule 23(c)(2)(B) expressly permitting electronic notice, email notice in similar

20   circumstances has been found appropriate. *See, e.g.*, *Spann I*, 314 F.R.D. at 331; *In re Sony PS3*

21   *Litig.*, No. 10-CV-01911-YGR, 2017 WL 5598726, at *16 (N.D. Cal. Nov. 21, 2017).

22        This plan provides the best notice practicable under the circumstances and can begin upon

23   the Court's approval. *See, e.g., Wahl v. Yahoo! INC.*, 2018 WL 6002323, at *3 (N.D. Cal. 2018)

24   (concluding that a notice plan calling for direct email notice, followed by mailed notice to

25   individuals to whom emails "bounced," constituted "the best notice practicable under the

26   circumstances"); *Walsh v. CorePower Yoga LLC*, 2017 WL 589199, at *12 (N.D. Cal. 2017)

27

(approved notice plan provided for a combination of mail and email using the most recent contact information available).

### 2.   The Proposed Notices Adequately Inform Settlement Class Members

Notices provided to class members should "clearly and concisely state in plain, easily understood language" the nature of the action; the class definition; the class claims, issues, or defenses; that the class member may appear through counsel; that the court will exclude from the class any member who requests exclusion; the time and manner for requesting exclusion; and the binding effect of a class judgment on class members. Fed. R. Civ. P. 23(c)(2)(B). Rule 23(e) requires that a notice describe "the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *In re DVD-Rental*, 779 F.3d at 946.

The Notices proposed by the Parties—e-mail notice, postcard notice and website notice— comply with those requirements. Each provides straightforward information about the nature of the action, the terms of the Settlement, the class definition, the litigation, Apple's defenses, that Settlement Class Members may appear through counsel, the process for requesting exclusion, and the binding effect of the Settlement on Settlement Class Members if they do not request exclusion.  The Notices also direct Settlement Class Members to the Settlement Website for more information. The Notices provide "the best practicable notice" to the Settlement Class here. *See, e.g., Spann I*, 314 F.R.D. at 331-32 (approving notices containing substantially similar content).

### 3.   Notice of the Settlement Will Be Provided to Appropriate Officials.

Notice of the Settlement will also be provided to the appropriate federal and state officials as required by the Class Action Fairness Act, 28 U.S.C. § 1715, so they may make an independent evaluation of the Settlement and bring any concerns to the Court's attention.

### F.   Proposed Schedule for Final Approval

The next steps in the settlement approval process are to schedule a final approval hearing, notify the class of the Settlement and hearing, allow Settlement Class Members an opportunity

to file any objections or comments regarding the Settlement, and allow Plaintiffs to conduct appropriate objector discovery if necessary.[3] Toward these ends, the Parties have provided the Court with a proposed order that provides for the following schedule:

| Event | [Proposed] Deadline |
|---|---|
| Class Action Fairness Act notice to state and federal officials, under 28 U.S.C. § 1715 | Within 10 days after filing of the motion for preliminary approval |
| Class data to be provided to Settlement Administrator | As soon as practicable, but no later than 30 days after entry of preliminary approval order |
| Notice Date | No later than 60 days after entry of preliminary approval order |
| Notice to be substantially completed | No later than 85 days after entry of preliminary approval order |
| Plaintiffs to move for attorneys' fees, expenses, and service awards | 100 days after entry of preliminary approval order |
| Plaintiffs to move for final approval of the settlement | 120 days after entry of preliminary approval order |
| Deadline for the submission of objections and requests for exclusion, and opposition or objections to Plaintiffs' motion for attorneys' fees, expenses, and service awards | 120 days after entry of preliminary approval order |
| Reply briefs in support of final approval and motion for attorneys' fees, expenses, and service awards, and responses to any timely objections | 145 days after entry of preliminary approval order |
| Deadline to update or confirm payment information and elect payment method | 145 days after entry of preliminary approval order |
| Final Fairness Hearing | At least 165 days after entry of preliminary approval order |

## V.    **CONCLUSION**

The Parties respectfully request that the Court enter an Order (1) preliminarily approving the Settlement Agreement; (2) certifying, for settlement purposes, the proposed Settlement Class

---

[3] *See, e.g.*, Final Order and Judgment, *Milano v. Interstate Battery Sys. of Am., Inc.*, No. 4:10-CV-02125 (N.D. Cal. July 5, 2012) (noting that objector repudiated his objection in deposition testimony); *In Re: MagSafe Apple Power Adapter Litig.*, No. 5:09-CV-01911-EJD, 2015 WL 428105, at *2 (N.D. Cal. May 29, 2012) (objector depositions authorized to inquire into objectors' membership in the class and ability to post an appellate bond).

1 under Rule 23(a), (b)(3), and (e); (3) approving and ordering dissemination of the proposed class

2 notice and forms of the Notice Program set forth in the Settlement Agreement; (4) appointing

3 Plaintiffs as Settlement Class Representatives; (5) appointing Steven Nicholas and Lucy Tufts

4 of Cunningham Bounds, Michael Ram and Marie Appel of Morgan & Morgan, and Ben Kilborn

5 of Kilborn Law, LLC, as counsel for the Settlement Class ("Class Counsel") under Rule 23(g);

6 (6) appointing Angeion Group as the Settlement Administrator; and (7) scheduling a Final

7 Approval Hearing at a date convenient for the Court.

8    Dated:  August 12, 2024                      CUNNINGHAM BOUNDS, LLC

9                                                      */s Lucy E. Tufts*
                                              By:   LUCY E. TUFTS
10

11                                            STEVEN L. NICHOLAS (*pro hac vice*)
                                              sln@cunninghambounds.com
12                                            LUCY E. TUFTS (*pro hac vice*)
                                              let@cunninghambounds.com
13                                            CUNNINGHAM BOUNDS, LLC
                                              1601 Dauphin Street
14                                            Mobile, Alabama 36604
                                              Telephone: (251) 471-6191
15                                            Facsimile: (251) 479-1031

16                                            MICHAEL F. RAM (SBN 104805)
                                              mram@forthepeople.com
17                                            MARIE N. APPEL (SBN 187483)
                                              mappel@forthepeople.com
18                                            MORGAN & MORGAN
                                              COMPLEX LITIGATION GROUP
19                                            711 Van Ness Avenue, Suite 500
                                              San Francisco, California 94102
20                                            Telephone: (415) 358-6913
                                              Facsimile: (415) 358-6293

21                                            BENJAMIN H. KILBORN, JR. (*pro hac
                                              vice*)
22                                            benk@kilbornlaw.com
                                              KILBORN LAW, LLC
23                                            P.O. Box 2164
                                              Fairhope, Alabama 36533
24                                            Telephone: (251) 929-4620

25                                            *Attorneys for Plaintiffs*

26

27  Motion for Preliminary Approval
    No. 4:21-cv-09527-HSG