UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS SMITH, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>APPLE, INC.,<br><br>    Defendant. | Case No. 21-cv-09527-HSG<br><br>**ORDER DIRECTING THE PARTIES TO FILE SUPPLEMENTAL BRIEFING**<br><br>Re: Dkt. No. 155 |

Before the Court is Plaintiffs' unopposed motion for preliminary approval of class action settlement, Dkt. No. 155. The Court held a hearing on the motion and took it under submission on October 3, 2024. Dkt. No. 159. Having reviewed the motion and proposed settlement agreement in more detail, the Court finds that the parties have not submitted sufficient evidence on two points that are central to the Court's determination of whether the parties' proposal falls within the range of a "fundamentally fair, adequate and reasonable" settlement such that the Court may grant preliminary approval. *See In re Heritage Bond Litig.*, 546 F.3d 667, 674–75 (9th Cir. 2008). The Court will give the parties an opportunity to file supplemental briefing to address the issues described below.

First, this Court's guidelines for submitting class action settlements for preliminary approval require such motions to state "[t]he class recovery under the settlement (including details about and the value of injunctive relief), the potential class recovery if plaintiffs had fully prevailed on each of their claims, claim by claim, and a justification of the discount applied to the claims." *See* N.D. Cal. Procedural Guidance for Class Action Settlements, § 1c (updated Sept. 5, 2024). Plaintiffs' motion does meet this requirement because it does not include an estimate of the potential class recovery at trial. Instead, it generally asserts that trial "carried considerable risk of

1   a lesser recovery or none at all," without assessing how the settlement compares to the reasonably
2   likely result at trial.  *See* Dkt. 155 at 17.  As such, the Court has no basis for evaluating whether
3   the settlement incorporates a discount, and if it does, whether that discount falls within the realm
4   of reasonableness.

5   Second, the proposed settlement agreement provides that "[i]f the number of Settlement
6   Class members who elect to exclude themselves from the Settlement Class exceeds the threshold
7   agreed to by the Parties and confidentially submitted to the Court *in camera*, Apple, in its sole
8   discretion, may elect to reject this Settlement, in which case the entire Agreement shall be null and
9   void."  Dkt. No. 155-1 at § E.6.  However, as of the date of this Order, the parties have not
10  actually submitted the document containing this provision for the Court's review.  Without this
11  information, the Court is not able to evaluate the reasonableness of this term.  *See Roes, 1-2 v.*
12  *SFBSC Mgmt., LLC*, 944 F.3d 1035, 1048–49 (9th Cir. 2019) (when the parties reach a class
13  action settlement prior to class certification, "exacting review" and a "high level of scrutiny" is
14  warranted).

15  Accordingly, the Court **DIRECTS** the parties to file supplemental briefing that addresses
16  both points described above, and to submit the opt-out threshold provision for *in camera* review.
17  Counsel shall file a statement of five pages or less by October 22, 2024.

18  **IT IS SO ORDERED.**

19  Dated:   10/15/2024

20
21  HAYWOOD S. GILLIAM, JR.
    United States District Judge

2