1   CUNNINGHAM BOUNDS, LLC
    Steven L. Nicholas (*admitted pro hac vice*)
2   sln@cunninghambounds.com
    Lucy E. Tufts (*admitted pro hac vice*)
3   let@cunninghambounds.com
    1601 Dauphin Street
4   Mobile, AL 36604
    Telephone: (251) 471-6191
5
    KILBORN LAW, LLC
6   Benjamin H. Kilborn, Jr. (*admitted phv*)
    benk@kilbornlaw.com
7   P.O. Box 2164
    Fairhope, AL 36533
8   Telephone: (251) 929-4620

9

MORGAN & MORGAN
COMPLEX LITIGATION GROUP
Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913

*Attorneys for Plaintiffs and the Settlement Class*

10              UNITED STATES DISTRICT COURT

11          FOR THE NORTHERN DISTRICT OF CALIFORNIA

12  CHRIS SMITH, CHERYL SMITH, KAREN
    SMITHSON, ALBERTO CORNEA, FRANK
13  ORTEGA, MICHELLE ROGERS, DEBORAH
    CLASS, AMBER JONES, ALEXIS KEISER,
14  LOORN SAELEE, THOMAS PEAR, and
    TANNAISHA SMALLWOOD, individually and
15  on behalf of all other similarly situated
    individuals,
16
17                          Plaintiffs,
    v.
18
    APPLE INC.,
19                          Defendant.
20
21
22

No. 4:21-cv-09527-HSG

Second Declaration of Lucy Tufts in
Support of Plaintiffs' Motion for Final
Approval of Class Action Settlement

CLASS ACTION

Dept.: Courtroom 2
Judge: Hon. Haywood S. Gilliam, Jr.

Date: April 10, 2025
Time: 2:00 p.m.

Third Amended Complaint Filed: October
31, 2023

23
24
25
26
27

1.      My name is Lucy E. Tufts.  I am attorney admitted to practice in the states of Alabama, Mississippi, and Georgia.  I am a partner at the law firm of Cunningham Bounds, LLC, counsel of record for the Plaintiffs.  I make this declaration in support of Plaintiffs' Motion for Final Approval of Class Action Settlement.  I have personal knowledge of the facts set forth below and if called as a witness, could testify competently thereto.

2.      As a threshold matter, each of the class representatives reviewed, acknowledged, and signed a document titled "Duties of Class Representative," which outlined their responsibilities in this case:

- A class representative represents the interests of all members of his/her class in litigation.

- A class member has claims which are typical of those of the class, and thus involve common issues of law or of fact. As a class representative, your claims against the defendant(s) are typical of class claims against them.

- A class representative always considers the interests of the class just as he/she would consider his/her own interests.

- A class representative participates actively in the lawsuit, such as by testifying at deposition and trial, answering written interrogatories, and by keeping generally aware of the status and progress of the lawsuit.

- A class representative recognizes and accepts that any resolution of a class action lawsuit, such as by settlement or dismissal, is subject to court approval, and must be designed in the best interests of the class as a whole.

- A class representative is not required to be particularly sophisticated or knowledgeable with respect to the legal framework of the lawsuit. However, he/she should be interested, on a continuous basis, in the progress of the lawsuit, and must make every effort to provide his/her lawyers and the court with all relevant facts of which he/she is aware.

- A class representative volunteers to represent many other people with similar claims and damages, because he/she believes that it is important that all benefit from the lawsuit equally, because he/she believes that a class action lawsuit will save time, money, and effort, and thus will benefit all parties, and the court, and because he/she believes that the class action is an important tool to assure compliance with the law.

3.  The original class representatives received and reviewed a draft of the Complaint before it was filed.

4.  Every class representative reviewed, acknowledged, and signed a CLRA declaration, which was attached as an exhibit to the original complaint and all amended complaints. (ECF 1-2 through 1-6; ECF 31-2 through 31-6; ECF 84-2 through 84-15; ECF 136-2 through 136-11).

5.  Every class representative except Frank Ortega, Loorn Saelee, and Cheryl Smith provided watches for joint inspections, which included detailed high-resolution photographs, chemical analysis, measurement of precise device dimensions with profilometers, disassembly of the devices, and individual CT scans of each battery, among other things.

6.  Deborah Class provided me with her initial information via email on February 9, 2022. This was followed by a phone call on February 10, 2022 upon which additional information was gathered. She signed her representation agreement on March 14, 2022 and mailed her watch to us on March 26, 2022. We spoke again on August 18, 2022 to formulate discovery responses. She reviewed and approved her discovery responses on August 29, 2022. I provided her with a case update on September 8, 2022. On March 16, 2023, I sent her a copy of our Second Amended Complaint to review before it was filed. On April 11, 2023, she reviewed and approved additional supplemental discovery responses. She reviewed and approved her second supplemental discovery responses on May 4, 2023. She reviewed and approved her responses to Apple's second set of discovery requests on June 9, 2023. We

exchanged emails on June 21, 2023.  I also provided case updates on August 4, 2023, December 21, 2023, May 3, 2024, and November 11, 2024.

7.    Alberto Cornea provided me with his initial contact information via email in early December 2021.  This was followed by a phone call on December 14, 2021 upon which additional information was gathered. He signed his representation agreement on March 1, 2022. We spoke again on August 22, 2022 to formulate discovery responses.  He reviewed and approved his discovery responses on August 25, 2022.  I provided him with a case update on September 8, 2022. On March 16, 2023, I sent him a copy of our Second Amended Complaint to review before it was filed.  On April 11, 2023, he reviewed and approved his supplemental discovery responses. On May 16, 2023, he reviewed and approved his second supplemental discovery responses.  He reviewed and approved his responses to Apple's second set of discovery requests on June 9, 2023.  We exchanged emails on June 21, 2023.  I also provided case updates on August 4, 2023, December 21, 2023, May 3, 2024, and November 11, 2024.

8.    Amber Jones provided me with her initial contact information via email on February 9, 2022.  This was followed by a phone call on February 15, 2022 upon which additional information was gathered.  She signed her representation agreement on March 23, 2022 and mailed us her watch on May 26, 2022.  She reviewed and approved her discovery responses on September 2, 2022.  I provided her with a case update on September 8, 2022.  On March 16, 2023, I sent her a copy of our Second Amended Complaint to review before it was filed.  On April 11, 2023, she reviewed and approved her supplemental discovery responses. On May 4, 2023, she reviewed and approved her second supplemental discovery responses. She reviewed and approved her responses to Apple's second set of discovery requests on June 9, 2023. I also provided updates on August 4, 2023, December 21, 2023, May 3, 2024, and November 11, 2024.

9.    Alexis Keiser provided me with her initial contact information via email on July 1, 2022.  This was followed by a phone call on February 2, 2023, upon which additional

information was gathered. She signed her representation agreement on February 26, 2023 and mailed us her watch on March 15, 2023. She reviewed and approved all discovery responses on June 30, 2023. I provided her with updates on August 4, 2023, December 21, 2023, May 3, 2024, July 22, 2024, November 11, 2024 and February 3, 2025.

10.     Frank Ortega provided me with his initial contact information via email on February 9, 2022. This was followed by a phone call on March 3, 2022, upon which additional information was gathered. He signed his representation agreement on March 8, 2022. He reviewed and approved his discovery responses on September 1, 2022. I provided him with a case update on September 8, 2022. On March 16, 2023, I sent him a copy of our Second Amended Complaint to review before it was filed. He reviewed and approved his supplemental discovery responses, which were filed on April 11, 2023. On May 16, 2023, he reviewed and approved his second supplemental discovery responses. He reviewed and approved his responses to Apple's second set of discovery requests on June 9, 2023. He also reviewed and approved his responses to Apple's third set of discovery requests on June 30, 2023. I also provided updates on August 4, 2023, December 21, 2023, May 3, 2024 and November 11, 2024.

11.     Thomas Pear provided me with his initial information via email in early May 2022. This was followed by a phone call on May 11, 2022, upon which additional information was gathered. He signed his representation agreement on May 15, 2022 and mailed us his watch on May 26, 2022. On March 16, 2023, I sent him a copy of our Second Amended Complaint to review before it was filed. He reviewed and approved his initial discovery responses on June 26, 2023. He reviewed and approved his responses to Apple's second and third set of discovery requests on June 30, 2023. I also provided him with additional updates on November 14, 2022, July 7, 2023, August 4, 2023, December 4, 2023, December 21, 2023, May 3, 2024, and November 11, 2024.

12.     Michelle Rogers provided me with her initial information via email on February

9, 2022. This was followed by a phone call on February 15, 2022 upon which additional information was gathered. She signed her representation agreement on March 14, 2022 and mailed her watch to us on April 15, 2022. We spoke again on August 18, 2022 to formulate discovery responses. She reviewed and approved her discovery responses on September 1, 2022. I provided her with a case update on September 8, 2022. On March 16, 2023, I sent her a copy of our Second Amended Complaint to review before it was filed. She reviewed and approved our supplemental discovery responses that were filed on April 11, 2023. On May 10, 2023, she reviewed and approved her second supplemental discovery responses. She reviewed and approved her responses to Apple's second set of discovery requests on June 9, 2023. She reviewed and approved her responses to Apple's third set of discovery requests on June 30, 2023. I spoke with her on June 21, 2023 and August 3, 2023. I also provided case updates on December 21, 2023, May 3, 2024, and November 11, 2024.

13.     Loorn Saelee provided me with his initial information on July 1, 2022. This was followed by a telephone call on February 2, 2023. He signed his representation agreement on March 4, 2023. On March 16, 2023, I sent him a copy of our Second Amended Complaint to review before it was filed. He reviewed and approved all his discovery responses on June 30, 2023. I also provided updates on August 4, 2023, December 21, 2023, May 3, 2024, and November 11, 2024.

14.     Tannaisha Smallwood provided me with her initial information on June 28, 2022. This was followed by a telephone call on January 31, 2023. She signed her representation agreement on February 1, 2023 and mailed her watch to us on March 14, 2023. On March 16, 2023, I sent her a copy of our Second Amended Complaint to review before it was filed. She reviewed and approved her initial discovery responses and responses to Apple's second set of discovery requests on June 26, 2023. She also reviewed and approved her responses to Apple's third set of discovery requests on June 30, 2023. I also provided updates on July 25, 2023, August 4, 2023, October 9, 2023, December 21, 2023, January 30, 2024, May 3, 2024, October

31, 2024, December 10, 2024, and March 5, 2025.

15.     Cheryl Smith provided me with her initial information in late July 2021.  She signed her representation agreement on July 23, 2021 and mailed her watches to us on August 22, 2022.  She reviewed and approved her initial discovery responses on August 22, 2022.  On March 16, 2023, I sent her a copy of our Second Amended Complaint to review before it was filed.  She reviewed and approved her supplemental discovery responses on April 11, 2023.  On May 19, 2023, she reviewed and approved her second supplemental discovery responses.  She reviewed and approved her responses to Apple's second set of discovery requests on June 9, 2023.  She also reviewed and approved her responses to Apple's third set of discovery requests on June 30, 2023.  I also provided updates on August 4, 2023, January 16, 2024, May 3, 2024, and November 11, 2024.

16.     Karen Smithson provided me with her initial information in September 2021.  This was followed by a telephone call on September 17, 2021.  She signed her representation agreement on October 5, 2021 and mailed her watch to us on August 30, 2022.  She reviewed and approved her initial discovery responses on August 23, 2022.  On March 16, 2023, I sent her a copy of our Second Amended Complaint to review before it was filed.  She reviewed and approved her supplemental discovery responses on April 11, 2023. On May 18, 2023, she reviewed and approved her second supplemental discovery responses. She reviewed and approved her responses to Apple's second discovery requests on June 9, 2023.  She also reviewed and approved her responses to Apple's third set of discovery requests on June 30, 2023.  I also provided updates on August 4, 2023, December 21, 2023, March 3, 2024, and November 11, 2024.

Dated: April 24, 2025

*/s Lucy E. Tufts*
LUCY E. TUFTS

*Attorney for Plaintiffs and Settlement Class*