CUNNINGHAM BOUNDS, LLC
Steven L. Nicholas (*admitted pro hac vice*)
sln@cunninghambounds.com
Lucy E. Tufts (*admitted pro hac vice*)
let@cunninghambounds.com
1601 Dauphin Street
Mobile, AL 36604
Telephone: (251) 471-6191

KILBORN LAW, LLC
Benjamin H. Kilborn, Jr. (*admitted phv*)
benk@kilbornlaw.com
P.O. Box 2164
Fairhope, AL 36533
Telephone: (251) 929-4620

MORGAN & MORGAN
COMPLEX LITIGATION GROUP
Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913

*Attorneys for Plaintiffs and the Settlement Class*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS SMITH, CHERYL SMITH, KAREN SMITHSON, ALBERTO CORNEA, FRANK ORTEGA, MICHELLE ROGERS, DEBORAH CLASS, AMBER JONES, ALEXIS KEISER, LOORN SALEE, THOMAS PEAR, and TANNAISHA SMALLWOOD, individually and on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br>v.<br>APPLE INC.,<br>Defendant. | No. 4:21-cv-09527-HSG<br><br>Declaration of Chris Smith in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement<br><br>CLASS ACTION<br><br>Dept.: Courtroom 2<br>Judge: Hon. Haywood S. Gilliam, Jr.<br><br>Date: April 10, 2025<br>Time: 2:00 p.m.<br><br>Third Amended Complaint Filed: October 31, 2023 |

DECL. OF CHRIS SMITH IN SUPPORT OF MOTION FOR FINAL APPROVAL
NO. 4:21-CV-09527-HSG

I, Chris Smith, declare as follows:

1. I have personal knowledge of the facts stated herein and, if called upon to do so, could competently testify thereto.

2. I reviewed, acknowledged, and signed a document titled "Duties of a Class Representative," which outlined my responsibilities in this case:

- A class representative represents the interests of all members of his/her class in litigation.
- A class member has claims which are typical of those of the class, and thus involve common issues of law or of fact. As a class representative, your claims against the defendant(s) are typical of class claims against them.
- A class representative always considers the interests of the class just as he/she would consider his/her own interests.
- A class representative participates actively in the lawsuit, such as by testifying at deposition and trial, answering written interrogatories, and by keeping generally aware of the status and progress of the lawsuit.
- A class representative recognizes and accepts that any resolution of a class action lawsuit, such as by settlement or dismissal, is subject to court approval, and must be designed in the best interests of the class as a whole.
- A class representative is not required to be particularly sophisticated or knowledgeable with respect to the legal framework of the lawsuit. However, he/she should be interested, on a continuous basis, in the progress of the lawsuit, and must make every effort to provide his/her lawyers and the court with all relevant facts of which he/she is aware.
- A class representative volunteers to represent many other people with similar claims and damages, because he/she believes that it is important that all benefit from the lawsuit equally, because he/she believes that a class action lawsuit will

save time, money, and effort, and thus will benefit all parties, and the court, and because he/she believes that the class action is an important tool to assure compliance with the law.

3. I am the Lead Plaintiff in the above-captioned action. My name is associated with all filings and all media reports about this case.

4. Following an incident on September 8, 2020, I had photographs taken of my injuries. I did extensive online research relating to screen detachments in Apple Watches. On or about October 14, 2020, I submitted my serial number to Apple via http://checkcoverage.apple.com. On or about December 14, 2020, I brought my watch to the Best Buy store located at 10200 Eastern Shore Blvd., Suite 130, Spanish Fort, AL 36527 to ask about coverage for the detached screen. I asked Best Buy about Apple's Screen Replacement Program, but the claim was denied. Subsequently, I did additional research about the Screen Replacement Program.

5. I met with Plaintiffs' Counsel on March 25, 2021.

6. I allowed Plaintiff's Counsel to take additional photos of my injuries on March 25, 2021.

7. I provided my watch to Plaintiff's Counsel during our meeting on March 25, 2021.

8. I mailed watch accessories to Plaintiff's Counsel on April 27, 2021.

9. I signed an Attorney Representation Agreement on July 28, 2021.

10. I reviewed, acknowledged, and signed a CLRA declaration on August 20, 2021.

11. I read and reviewed the initial complaint in December 2021 before it was filed.

12. I signed a Request for Release of Information for my medical records from Thomas Hospital on July 26, 2022.

13. I reviewed and approved my initial discovery responses on August 22, 2022. My medical records were included as part of this production, and were provided to Apple on September 6, 2022.

14. I met with Plaintiff's Counsel on September 6, 2022.

15. I read and reviewed the Second Amended Complaint on March 16, 2023 before it was filed.

16. I reviewed and approved my supplemental discovery responses on April 11, 2023.

17. Apple issued a non-party subpoena for my medical records from Thomas Hospital on April 20, 2023. I did not object.

18. I reviewed and approved my second supplemental discovery responses on May 19, 2023.

19. I reviewed and approved my response to Apple's Second Interrogatories and Requests for Production on June 9, 2023.

20. On June 12, 2023, Apple produced 107 pages of my medical records obtained from Thomas Hospital.

21. I reviewed and approved my response to Apple's First Set of Requests for Admission on June 30, 2023.

22. My Apple Watch was the subject of joint inspections, which included detailed high-resolution photographs, chemical analysis, measurement of precise device dimensions with profilometers, disassembly of the devices, and individual CT scans of the battery, among other things.

23. I reviewed and approved my response to Apple's Third Set of Interrogatories on July 13, 2023.

24. On August 24, 2023, I provided dates on which I was available for a deposition in San Francisco, California.

25. I was provided updates by Plaintiff's Counsel on January 12, 2024, January 24, 2024, May 3, 2024, and November 11, 2024.

## VERIFICATION

Under penalties of perjury, I declare that I have read the foregoing declaration and it is true and correct to the best of my knowledge and belief.

By: /s/ Chris Smith

Printed Name: Chris Smith

STATE OF Alabama

COUNTY OF Baldwin

DECL. OF CHRIS SMITH IN SUPPORT OF MOTION FOR FINAL APPROVAL
NO. 4:21-CV-09527-HSG

Dated: April 24, 2025

CUNNINGHAM BOUNDS, LLC

/s Lucy E. Tufts
LUCY E. TUFTS

STEVEN L. NICHOLAS (Admitted *Pro Hac Vice*)
sln@cunninghambounds.com
LUCY E. TUFTS (Admitted *Pro Hac Vice*)
let@cunninghambounds.com
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street
Mobile, Alabama 36604
Telephone: (251) 471-6191
Facsimile: (251) 479-1031

MICHAEL F. RAM (SBN 104805)
mram@forthepeople.com
MARIE N. APPEL (SBN 187483)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, California 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6293

BENJAMIN H. KILBORN, JR. (Admitted *Pro Hac Vice*)
benk@kilbornlaw.com
KILBORN LAW, LLC
P.O. Box 2164
Fairhope, Alabama 36533
Telephone: (251) 929-4620

*Attorneys for Plaintiff Class*